### † BURBANK *versus* HORN.

In actions of slander, the time when it was uttered may be alleged with a *continuando.*

And the *place,* when alleged with a *videlicit,* is sufficient, and even its omission would only be a fault in form.

The allegation that the slander was uttered in the presence and hearing of *divers persons,* or in the hearing of certain persons, (*by name*) sufficiently sets forth its publication.

---

† In cases with this mark, SHEPLEY, C. J., took no part in their decision, the opinions being submitted for concurrence after his commission had expired.

Of the declaration in actions of slander.

To charge one with having "stolen boards," without any qualification, implies the crime of larceny, and no *innuendo* is necessary to explain its meaning.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding. ACTION OF SLANDER.

The defendant filed a general demurrer to the writ and declaration. The presiding Judge ruled that the writ was insufficient, to which the plaintiff filed exceptions.

The declaration and the objections sufficiently appear in the opinion of the Court, drawn up by

TENNEY, J. — The defendant filed a general demurrer to the declaration in the plaintiff's writ, and in its support it is insisted that the material allegations therein are not well pleaded, and consequently are not admitted; and the plaintiff is not entitled to judgment.

It being alleged in all the counts that the words were spoken on days named, with a *continuando*, it is objected that the time is too indefinite to enable the defendant to prepare his defence.

The statement of the time of committing the injuries, *ex delicto*, is seldom material. It may be proved to have been committed either on a day anterior or subsequent to that stated in the declaration. When however the act complained of is single in its nature, as an assault, it would be bad on *special demurrer*, to state that it was committed on divers days and times. *English* v. *Purser*, 6 East, 396; *Michell* v. *Neal & ux.*, Cowp. 828. But this rule has been restricted to actions of trespass; and in case, it has been held proper to state the time with a *continuando*. *Macfadzen* v. *Olivant*, 6 East, 387; *Benson* v. *Swift*, 2 Mass. 50.

The objection to *place*, as stated in the declaration, has no foundation in fact. In two of the counts, the words are alleged to have been spoken at "Milton," to wit, at said Alfred, the latter having been used in the writ as the town in which the Court, to which the writ was returnable was to be holden. In the third count, the words are stated to

have been spoken " then and there," after the time had been specified in the same count, without alleging therein at what particular place it was done; but the word Milton, to wit, Alfred, had been used in the preceding counts, to which the term " there" may well have been understood to have reference. In the fourth count, Alfred is alleged to be the place where the words were spoken.

The precise place is only material to be stated in the writ in local actions. 1 Chitty's Pl. 383 and 384. In the counts where the place is stated with a *videlicit*, it indicates that the party does not undertake to prove the precise place, and he would not be holden to prove it, under a plea to the merits. 1 Greenl. Ev. § 60.

The omission of the *day*, when the time is immaterial, and *place* in transitory actions are only faults in form, (Gould's Pl. c. 9, part 1, § § 9, 10 and 18,) and are aided on general demurrer.

It is contended that the declaration is defective, in alleging that the words were spoken in the presence and hearing of " divers persons," or of persons specifically named, when it should be in the presence and hearing of " divers good and worthy citizens." No case is cited as authority, that this distinction is material under a general demurrer. The statement, that the words were spoken in the " presence" of divers persons is sufficient, without stating in the " hearing" also. *Hall* v. *Hennesley*, Cro. Eliz. 486. S. C. Nay, 57; *Kellan* v. *Mannesley*, Cro. Jac. 39; *Smart* v. *Easdale*, Cro. Car. 199.

When the action is for words spoken, evidence of the speaking before any third person, will be sufficient, although the declaration allege them to have been spoken before an individual named, and others. Buller's N. P. 5; 2 Stark. Ev. 844; 2 Greenl. Ev. § 414. If it is unnecessary that it should be proved, that the words were spoken in the presence and hearing of good and worthy citizens, when so alleged, it is not perceived how it becomes essential to make such statement in the declaration, instead of alleging that the words

were spoken in presence of divers persons, or of a person or persons named.

It is usual to commence the declaration, either for a libel or for words, with inducements of the plaintiff's good character, and of his innocence of the crime imputed to him by the defendant, but they may be omitted and the declaration may commence with a statement of defendant's malicious intention to injure the plaintiff. When the libel or slander does not affect the plaintiff in his moral character, but merely imputes to him insolvency or incapacity in the way of his trade, &c., this inducement of good character is inapplicable, and the declaration should commence with an inducement, respecting his trade, &c. 1 Chitty's Pl. 364; 2 Chitty's Pl. 255, note (o.) When the slander is *prima facie* actionable, as calling a person directly a *thief*, or charging him with having been guilty of *perjury*, a declaration stating the defendant's malicious intent, and the slander concerning the plaintiff, is sufficient without any prefatory inducement. 1 Chitty's Plead. 381; 2 ibid. 255, notes (q) and (r.)*

Where the words themselves are such as can *only* be understood in a criminal sense, no inducements of any extrinsic matter is requisite, but if the charge is not necessarily slanderous, the plaintiff must by way of introduction or inducement, state that some fact has taken place, to which the defendant alluded, and to which the innuendoes must afterwards refer. 2 Chitty's Plead. 256, note (s.)

It is said by Lord Kenyon, in *Holt* v. *Scholefield*, 6 D. & E. 691, which was an action of slander, for the charge against the plaintiff, made by the defendant, that he had *foresworn* himself, "either the words themselves must be such as can only be understood in a criminal sense, or it must be shown by a colloquium in the introductory part, that they have that meaning, otherwise they are not actionable."

In Massachusetts, before the separation of this State therefrom, it was held that a general count in an action of

defamation, as charging the plaintiff with stealing, is good; and when one said, " he would venture any thing the plaintiff had stolen the book," being proved to have been spoken maliciously, would support a verdict for damages. *Nye* v. *Otis*, 8 Mass. 241. This doctrine has been affirmed in many decisions in Massachusetts and in Maine, and may be regarded as established.

The allegation in all the counts is, that the defendant charged the plaintiff with having " stolen boards," and the accompanying language as stated in some of the counts, does not qualify the offensive import of that charge. The word " stole," has a well known and definite signification, and when one is charged with having stolen any thing of value, and the charge in these words is not mitigated by others used in the same conversation, they necessarily impute the crime of larceny. In R. S., c. 156, § 10, such meaning is given to the word " stolen," in making it a crime to buy or to receive, &c., " stolen goods," knowing them to have been stolen. When the word is so used, the charge is made no more definite by the innuendo, to explain it as being the crime of theft.

The word " boards" is well understood in its meaning, and implies that the owner has property therein of value, and it is not necessary that the declaration should contain any innuendo expressive of the true signification of the term.

*Demurrer overruled.* —

*Declaration adjudged good.*

*D. & J. H. Goodenow*, in support of the demurrer.

*Low, contra.*