WILLIAM H. SABIN *v.* ALLEN A. ANGELL.

*Declaration.　Slander.　Evidence.　Judgment.*

To call one a thief, nothing more appearing, is actionable.

A declaration which alleges the calling of the plaintiff a thief by the defendant, to, or in the hearing of, others, without other colloquium than that the words were spoken of and concerning the plaintiff, is good.

After judgment for the plaintiff on demurrer, and on the trial for the assessment of damages, the defendant cannot show that he spoke the words concerning a transaction which did not amount to larceny, without offering to show that those who heard the words so understood, or could have understood him.

Nor can he show that hostile feelings existed between him and the plaintiff at the time the words were spoken, when the evidence of such hostility would not show that the words were spoken in the heat of sudden passion.

Where the declaration alleges a charge of larceny, without limitation, or anything to give the hearers to understand that larceny punishable by imprisonment in the state prison, is not meant, a judgment for the plaintiff on demurrer, imports that such larceny was meant.

SLANDER. The first count alleged that the defendant, in the presence and hearing of one Cady, spoke and published to, and of and concerning, the plaintiff, these words : " You (meaning the plaintiff) are a thief; " by means whereof the plaintiff was greatly injured, &c. The second count charged the speaking of the same words to the plaintiff on another occasion, in the presence and hearing of another person. The third count charged, that on another occasion, in the presence and hearing of divers persons, the defendant spoke of and concerning the plaintiff, " He (meaning the plaintiff) is a thief." The fourth count alleged the words spoken on the occasion named in the first count as, " Well, old thief (meaning the plaintiff), what are you (meaning the plaintiff) down here after? " The defendant filed a general demurrer to the declaration. The court, at the May term, 1873, BARRETT, J., presiding, overruled the demurrer, and adjudged the declaration sufficient, and rendered judgment for the plaintiff ; to which the defendant excepted. At the December term, 1873, BARRETT, J., presiding, the case came on for assessment of damages by jury. Plea, the general issue, as shown by the exceptions.

The plaintiff was called as a witness in his own behalf, and the defendant offered to show by him, for the purpose of rebutting malice, that differences and hostile feelings existed between them at the time of speaking the words charged ; but the court excluded the same. The defendant also offered to show by the plaintiff, that the foundation of the alleged slander was, that prior to the commencement of this suit, the defendant lived as tenant upon one of the plaintiff's farms, and that they had an arbitration about some apples, which resulted in the apples being awarded to the defendant upon his paying ten dollars, which he paid, and that the plaintiff sent a man to take the apples away ; but the court excluded the same. The defendant offered to show by himself, in mitigation of damages, that the plaintiff had made threats to him prior to the commencement of this suit, that he would ruin him in the law ; but the court admitted the same only as bearing on the credibility of the plaintiff as a witness. The defendant also offered to show by one Carr, that the plaintiff, prior to the

trial, made similar threats to him; but the court admitted the same only for the purpose aforesaid. The defendant offered to show, that he spoke the words charged, only to the plaintiff, and that he never spoke them to any other person; but the court excluded the same. To all such exclusions of evidence, the defendant excepted. The court charged the jury that ·it was not for them to inquire whether the words were spoken or not, or whether they were spoken in the sense and character imputed— that that was settled by the judgment; that they were not to inquire how the words came to be spoken; that it was conceded that they were spoken, that they were false and malicious, and imputed a crime that would subject the plaintiff to state prison; to which the defendant excepted.

*Norman Paul*, for the defendant.

The first three counts in the declaration, are insufficient to sustain this action, as they contain no innuendoes showing the sense in which the words were spoken, or that the defendant intended to impute to the plaintiff any crime. To say to a person, " You are a thief," does not necessarily charge him with having committed a crime, or of being guilty of an offence that subjects him to punishment; it simply accuses him of an offence. To accuse a person to his face, of having committed an offence, is not such a publication of the charge as the law recognizes, on which to predicate an action for slander. The expression, you are a thief, is susceptible of various meanings, and may be applied to persons in a variety of ways, according to the intended meaning to be given to the term *thief*; it may be used in a playful, joking manner, with no intent of charging any one with an offence; or it may be used as a weapon of sarcasm; in either case, it by no means follows as a legal or logical conclusion, that one is exposed to a prosecution for stealing, by saying to him, "You are a thief." This term may also be applied, and that too with truth, to the most trivial misdemeanor, for which there is no punishment known to the law. Brief as a declaration in slander may be when the words alleged to have been spoken are actionable in themselves, still, in order to sustain the action, and that the court may deter-

mine whether the words used are actionable, "the words must contain an express imputation of some crime which is punishable —some capital offence, or other infamous crime or misdemeanor, and the charge upon the person must be precise." The fourth count is insufficient, as it sets forth no legal cause of action ; the words alleged are not in themselves actionable, as they do not impute any crime or offence ; it contains neither colloquium nor innuendo, and is wanting in every essential averment necessary for a good declaration. *Baldwin* v. *Hildreth,* 14 Gray, 221 ; *Tebbetts* v. *Goding,* 9 Gray, 254 ; *Kimmis* v. *Stiles,* 44 Vt. 351 ; *Hawks* v. *Hawley,* 8 East, 421.

The evidence offered by the defendant and excluded by the court, was clearly admissible for the purposes for which it was offered. The law is well settled, that under the general issue, the defendant may show that the words spoken referred to a known transaction which was then in the minds of the parties, and that he believed them to be true, as well as the origin and circumstances attendant upon the uttering of them, that tend to show the intent of the speaker, and countervail the charge of malice. *Bond* v. *Kendall,* 36 Vt. 741 ; *Van Rensselaer* v. *Dole,* 1 Johns. Cas. 279 ; *Norton* v. *Ladd,* 5 N. H. 203 ; *Mason* v. *Mason,* 4 N. H. 110 ; *Williams* v. *Miner,* 18 Conn. 464 ; *Sibley* v. *Marsh,* 7 Pick. 38. It was competent for the defendant to show the state of feeling existing between the parties at the time, and that the words were spoken in the heat of passion, under circumstances that would exonerate him from any charge of malice. *Smith* v. *Miles,* 15 Vt. 245 ; Townshend Slander, 626. The speaking of the words only to the person slandered, is not actionable ; and the defendant had a right to show, even after judgment had been rendered against him on demurrer, that he never spoke the words charged, only to the plaintiff, as affecting the question of damages. *Sheffield & wife* v. *Van Deusen & wife,* 13 Gray, 304.

It is conceded, that in a legal point of view, a demurrer admits the truth of the charges made in the declaration ; but we deny that it does more than that. In the declaration in this case, there is no allegation that charges the defendant with having imputed to the plaintiff any crime, least of all, a crime that would subject

the plaintiff to state's prison. The court erred in their instructions to the jury, that certain facts, not charged in the declaration, were conceded to be true by the defendant; as it would necessarily convey a wrong impression to their minds, as bearing on the question of damages. It was also error for the court to instruct the jury that they had no right to consider any evidence tending to show the origin of the transaction, or the provocation the defendant had for charging the plaintiff as he did; as it was calculated to mislead the minds of the jury, and enhance the damages.

*J. N. Edminster*, for the plaintiff.

A declaration for slander actionable *per se*, is sufficient in substance, which states the defendant's motive, the slanderous matter, and shows that the slander refers to the plaintiff. No averment by way of *prefatory inducement*, of the circumstances under which the words were spoken, is necessary. 1 Chit. Pl. 400, 403; 2 Saund. Pl. & Ev. 794. The slander charged in this declaration is actionable *per se*. 1 Hilliard Torts, 290, § 20. This form of declaration has been sanctioned by the best authorities. 2 Saund. Pl. & Ev. 806; 2 Chit. Pl. 639.

The testimony offered to show that there were differences and hostile feelings between the parties, for the purpose of rebutting malice, was not admissible for that purpose. Such testimony has no tendency to rebut malice. It is the class of testimony used to establish malice. The defendant's offer to show his idea of the foundation of his slanderous utterances, for the purpose of mitigating damages, if it amounts to a justification, was properly excluded, for the reason that the defendant had pleaded no justification. 1 Hilliard Torts, 431, § 30; *Shepard* v. *Merrill*, 13 Johns. 475; *Van Ankin* v. *Westfall*, 14 Johns. 234; *Hutchinson* v. *Wheeler*, 35 Vt. 330. But such testimony has no tendency to mitigate damages. It would not amount to a justification, if it had been pleaded. It does not show that the plaintiff was a thief. It is therefore irrelevant. *Shepard* v. *Merrill, supra.* Evidence of plaintiff's threats was not admissible for the purpose for which is was offered. 1 Hilliard Torts, 355; *Andrew* v. *Bartholomew,*

2 Met. 509. The disposition of the questions raised upon the admissibility of the evidence, disposes of the charge of the court.

The opinion of the court was delivered by

WHEELER, J. A person cannot be a thief without he has stolen something. To charge a person with being a thief, is to charge him with larceny. A person might be called a thief in such a manner, or in such connections, as to indicate that a charge of larceny was not intended. But if a person is called a thief, and nothing more appears, it is, to common intent, a charge of larceny, and is actionable. *Penfold* v. *Westcote*, 2 N. R. 335 ; Townshend on Slander and Libel, 197. A declaration in an action for slander that sets forth the calling of the plaintiff a thief by the defendant, to, or in the hearing of, others, without any colloquium more than that the words were spoken of the plaintiff, is good. GASELEE, J., in *Curtis* v. *Curtis*, 10 Bing. 477 ; *Robinson* v. *Keyser*, 2 Foster, 323. Each count in this declaration sets forth that the defendant spoke such words concerning the plaintiff to other persons, and it was properly adjudged to be sufficient.

The offer of the defendant to show that in speaking the words declared for, he referred to the taking of some apples, which was not stealing, was not accompanied by any offer to show that the other persons who heard the words did so understand, or could have so understood him. Without such proof, it would not appear but that the reference to such a transaction remained secret to himself, and if it did, it would not vary the effect of his words.

The offer to show the state of feeling between the parties, was not such as would show the words to have been spoken in the heat of sudden passion that arose on provocation by the plaintiff, but rather that they had their origin in malice. The fact of existing difficulties between them, would not tend to disprove malice, and could not properly have any effect to mitigate damages. There appears to have been no error in the exclusion of evidence.

Larceny, except of property of limited value, is punishable by imprisonment in the state prison. The charge made by the defendant was, of larceny without limitation, or anything to give

the hearers to understand that larceny so punishable was not meant. There was no error in the allusion by the court in the charge, to this aspect of the meaning of the words.

Judgment affirmed.