## MERRITT AND WIFE *v.* DEARTH.

### *Slander. Practice.*

In slander for words alleged to impute adultery to the wife, the declaration contained no allegation that the wife, or the persons with whom she was said to have committed the crime, was married at the time the crime was said to have been committed, and it was *held* bad on motion in arrest.

A declaration in slander must profess to set out *in hæc verba* the words claimed to have been spoken.

In slander, the words alleged to have been spoken should be understood and construed in their most innocent sense, unless there are averments giving them other and sinister meaning. Thus, where the words alleged were that defendant "told W. that he, W., had *intercourse* with the said plaintiff Martha," innuendo, that she had committed adultery with W., without colloquium or other averment, the allegation was held to impute no crime.

A judgment will not be disturbed on motion in arrest, however defective the declaration may be in matter of form, nor where the court can infer that the jury found the requisite facts upon which to found a judgment.

SLANDER. Plea, the general issue, and trial by jury, December Term, 1874, Ross, J., presiding, and verdict for plaintiffs.

The case was tried upon the following amended declaration:

For that whereas the said Martha Merritt, the wife of said John Merritt, plaintiff, now is a chaste woman, and from the time of her nativity hath been so, and hath been accounted, esteemed, and reputed as such among her neighbors, as well as of good reputation and fame by all other good people, and hath all her lifetime continued chaste and unsuspected of the atrocious crime of adultery; and whereas also the said Martha Merritt, wife of the said John Merritt, hath never been guilty, or until the time of the committing of the several grievances by the said Roderick Dearth as hereinafter mentioned, been suspected to have been guilty of the offences and misconduct hereinafter mentioned to

9

have been charged upon and imputed to the said Martha Merritt, or of any such offences or misconduct, or of any other such crime; nevertheless, the said Roderick Dearth, defendant, though well knowing the premises, but contriving maliciously and wickedly to injure and defame the plaintiff in her good name and reputation, and to bring her to disgrace and infamy, and to subject her to the penalties and punishments provided by law in cases of adultery, for that the said defendant heretofore, to wit, at Danville, in said county of Caledonia, spoke of and concerning the said plaintiff, Martha Merritt, wife of said John Merritt, *she then and there being a married woman*, to wit, the wife of John Merritt aforesaid, the following false, scandalous, defamatory and infamous words in the presence of divers good people of this state, to wit: " Mrs. Shattuck, the wife of C. O. Shattuck, got Mrs. Merritt (meaning the plaintiff Martha Merritt) to sleep with her son William Shattuck, (said son being of adult age), and son of the said Mrs. Shattuck;" meaning that the said Martha Merritt, plaintiff, was then and there guilty of the crime of adultery with the said William Shattuck.

Also in a further plea of the case, for that afterwards, to wit, on the 21st day of October, 1872, the said defendant spoke and published of and concerning the plaintiff, Martha Merritt, the said wife of John Merritt, these other false, scandalous and defamatory words, in the presence of divers good people of this state, to wit, at Danville aforesaid, on the day aforesaid, to wit, he, the said defendant, told Henry Williams that he, said Henry, had intercourse with the said plaintiff, Martha Merritt, wife of John Merritt; meaning that the said plaintiff, Martha, had committed adultery with said Henry Williams, he said Henry Williams then being a married man, and the said plaintiff, Martha Merritt, wife of John Merritt, then and there being a married woman.

After verdict and before judgment, the defendant moved in arrest of judgment for the insufficiency of the declaration. Motion overruled and defendant excepted.

*J. P. Lamson*, for the defendant.

*C. H. Davis*, for the plaintiffs.

The opinion of the court was delivered by

REDFIELD, J. After verdict for the plaintiff, the defendant moved in arrest of judgment for the insufficiency of the declara-

tion. The case was tried on the amended declaration in two counts. This declaration is novel, and if sufficient, even after verdict, on which to found a judgment, it must be a relief to those of the profession who do not care to be troubled about matters of pleading.

The first count alleges, by way of prefatory averment, that Martha Merritt was chaste, and had been from her nativity; nevertheless the defendant, maliciously intending to injure her good name and subject her to the penalties in case of adultery, spoke of and concerning said Martha, wife of John Merritt, she *then* and there being a *married woman*, the following false and defamatory words, to wit: " Mrs. Shattuck, the wife of C. O. Shattuck, got Mrs. Merritt, (meaning the plaintiff, Martha Merritt), to sleep with her son William Shattuck, (said son being of adult age), and son of said Mrs. Shattuck."

Now it is averred, that at the time of the *speaking* of the words, which is the *gravamen* of the offence, the said Martha was *then and there* a married woman, but there is no averment nor intimation that when Mrs. Shattuck got Mrs. Merritt to sleep with her son, either of them were married persons, or that they were not mere children. It is said by way of parenthesis, within brackets, " said son *being* of adult age." This does not profess to be an *averment*, but a kind of side explanation. But if treated as an averment, the time when he was " being of adult age," may quite as well be referred to the time of issuing the writ, or of speaking the words, as to the time when said Martha slept with Mrs. Shattuck's son. There is then no averment that at the time the plaintiff Martha slept with William Shattuck (as charged by the defendant), the act was a criminal offence, or, necessarily, a moral or social offence. If neither were married, it was not a crime ; if they then were children, either or both, there would be no occasion even for scandal,

It is not the office of an innuendo to enlarge or supply necessary averments, and the crime of adultery cannot be predicated by innuendo or anything alleged in the first count in this declaration.

The second count is an improvement on the first in one respect, it gives *one* date. It has no prefatory averment whatever, but,

declares "that on the 21st day of October, 1872, the defendant spoke of and concerning the plaintiff Martha, these other defamatory words on the day aforesaid, to wit, he, said defendant, told Henry Williams that he, said Henry, had *intercourse* with the said plaintiff Martha, wife of John Merritt, meaning that said Martha *had* committed adultery with said Henry Williams, he, said Henry Williams, being *then* a married man and the said Martha *then* and *there* being a married woman. The averment is, that on the 21st of October, 1872, the said Martha was the wife of John Merritt, and that said Williams was also then married; but whether either were married at the time of the alleged "*intercourse*," is not averred. This count does not attempt to set out the words spoken, but declares that " *he* told Henry Williams that *he* had intercourse with said Martha." In *Hazelton* v. *Weare*, 8 Vt. 480, the declaration, with proper colloquium, set out that "defendant maliciously, openly, and publicly charged plaintiff with the crime of perjury," and the judgment was arrested. The opinion in that case, of ROYCE, J., is clear, simple, and satisfactory, and characteristic of that eminent judge.

II. That defendant told Henry Williams that he had " *intercourse* with the plaintiff Martha," without any prefatory averments of the occasion and sense and meaning with which the words were spoken, does not impute crime. They should be understood in the most innocent sense, unless there be averment giving them other and sinister meaning. We have political and religious intercourse; domestic, social, and commercial intercourse; but the word never in common parlance or in a legal sense, imputes or implies sexual or criminal intercourse, unless made specific by some qualifying term. One must have a very perverted brain, if he was told that some venerable religious teacher " built up a sound religious morality by constant communion and ' *intercourse*' with the women and children of his flock," to think that such language imputed a continued *sexual* intercourse with the women and children under his pastoral care. This count is entirely naked of any averment that imputes crime to the plaintiff Martha. After verdict, we should not disturb a

judgment, however defective the declaration in matter of form; or if we could infer that the substantial facts were found by the jury on which judgment could be founded. But in this action for slander, in which all courts have heretofore held to substantial accuracy of pleading, we still think that a declaration so defective in substantial averment that it could not uphold a verdict in general assumpsit, must be held insufficient on motion in arrest of judgment.

It is therefore ordered that the judgment of the County Court be reversed, and the judgment arrested.