## HELEN J. HENICKE v. MARGARET GRIFFITH.

1. LANGUAGE, *Actionable.* Oral language charging adultery, is, in this state, actionable *per se.*

2. INNUENDO, *Office of; Question for Jury.* The office of an innuendo is, to explain the words spoken, and annex to them their proper meaning; and where the words used were that the plaintiff, a married woman, kept a man other than her husband, an innuendo that thereby plaintiff is charged with the crime of adultery with such man is sufficient, and presents a question of fact to be determined by a jury, as to whether the words were intended and understood to charge such crime.

### *Error from Lyon District Court.*

ACTION by *Henicke* against *Griffith,* to recover damages for slander. Trial at the September Term, 1882, of the district court, and judgment for defendant. The plaintiff brings the case here. The opinion states the facts.

*J. Harvey Frith,* for plaintiff in error.

*Almerin Gillett, P. P. Hillerman,* and *Peyton, Sanders & Peyton,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of slander, brought by plaintiff in error (plaintiff below) in the district court of Lyon

county.  A demurrer to the first and second counts of the petition was sustained, and this is the ruling now complained of. As the two counts are substantially alike, it will be sufficient to notice only the first.   That is as follows:

"That the defendant, prior to the commencement of this action, and at a time when the plaintiff was, as she now is, a married woman, as the defendant well knew, in a certain discourse which she, the defendant, had in the presence and hearing of divers persons, maliciously spoke and published of the plaintiff the false and malicious words following, that is to say: 'I do not visit Mrs. Henicke (meaning the plaintiff), would be ashamed to be associated with her (meaning the plaintiff); Mrs. Henicke keeps that grocer man, Broadwell — he calls two or three times a day; she (meaning the plaintiff) thinks more of Broadwell than she does of her husband; Henicke (meaning the husband of the plaintiff) is a mere ornament which she keeps there for certain purposes; Broadwell remains in the house for hours when Henicke' (meaning the husband of the plaintiff) is away, alone with Mrs. Henicke' (meaning the plaintiff), the defendant meaning by such false and malicious words, that the plaintiff was an unfaithful wife and an unchaste woman, and that she, the plaintiff, had been guilty of the crime of adultery.   By means of the publishing of said false and malicious words the plaintiff is generally and greatly injured in her good name and reputation, and has been rendered liable to prosecution for adultery, to the damage of the plaintiff of $5,000."

We think the court below erred in sustaining the demurrer.   In Kansas, words charging adultery are actionable *per se.*   Whatever may have been the rule at common law or in any other state, here, adultery is a crime punishable by imprisonment or fine, or both. (Comp. Laws 1879, p. 360, § 232.)   Neither does it matter whether we accept the definition of slander laid down by Mr. Justice Spencer in *Brooker v. Coffin,* 5 Johns. 188, "that oral language is actionable *per se,* when it imputes a charge which, if true, will subject the party charged, to indictment for a crime involving moral turpitude, or subject him to an infamous punishment;" or that laid down by Chief Justice Parker in *Miller v. Parish,* 8 Pick. 385, "that an accusation is actionable whenever an

offense is charged which, if proved, may subject the party to a punishment, though not ignominious, and which brings disgrace upon him." Under either rule, oral language charging adultery is actionable *per se.* The only real question, therefore, is, whether the words used impute the crime. Obviously they do not in terms charge it. The charge specifically is, that the plaintiff, a married woman, keeps a man other than her husband. This, by innuendo, plaintiff alleges, charges adultery. Now the office of the innuendo is to explain doubtful words or phrases, and annex to them their proper meaning. (Townshend on Slander and Libel, § 335, and cases cited in note; 12 Abb. U. S. Dig., 1st series, p. 510, ¶ 546, and cases cited.) The words charging that a married woman keeps some man other than her husband are, to say the least, of doubtful import; and whether they were spoken by the speaker and understood by the hearers as charging the crime of adultery, or a mere ordinary employment of help, is a question of fact to be settled by a jury. The innuendo alleges the former interpretation, and taking all the language charged to have been used by defendant, it cannot be held, as matter of law, that such an interpretation must be rejected. It seems to us very probable that the language charged, taken as a whole, would be understood by an ordinary hearer as imputing the crime, and the innuendo in effect alleges that it was so used and understood. The pleading, therefore, presents a question of fact which cannot be disposed of by the court, but must be submitted to a jury to determine whether the crime was so intended and understood. Counsel for defendant contend that the words used must be so specific and certain that if the defendant would justify, she may prove the very fact charged. In a certain sense this claim of counsel is correct, and in another, not. If they mean to claim that the language on its face must be so specific and definite as necessarily to impute the crime, it is a mistake. Such a rule would permit a person to be guilty of that worst form of slander — the insinuating and indirect accusation of crime — without any responsibility for the wrong

occasioned thereby. But if they mean that the words, as interpreted by the innuendo, must allege some definite offense, they are correct, and these words as thus interpreted make such a direct charge. The defendant answering this petition may deny that the words as used were in fact intended or understood as charging adultery, or she may allege that the plaintiff is in fact guilty of the crime charged.

We conclude, therefore, that this count in the petition is sufficient, that the court erred in sustaining a demurrer to it, and hence that the ruling must be reversed, and the case remanded for further proceedings.

All the Justices concurring.