## THOMAS SHERIDAN & WIFE v. DANIEL SHERIDAN.

### Slander. Pleading. Innuendo.

1. INNUENDO. Under the rule that the office of an innuendo is not to extend, but, in connection with the colloquium, to point the meaning intended by the use of the words, where the alleged charge was, " *You are an old prostitute,*" uttered to a married woman, an innuendo is allowable which states the meaning to be, that she was guilty of the crime of adultery, if there is a proper averment of marriage.

2. So with a like colloquium a similar innuendo was held proper, where the alleged charge was, that the defendant said to two of the plaintiff's children, " *Ask your mother* * * * *what strange bull came along.*"

3. ARGUMENTATIVENESS. The marriage was alleged with time and place and that they " thence hitherto have lived together as husband and wife," etc. The alleged time of speaking the slanderous words was subsequent to the alleged time of marriage; *Held,* on general demurrer, a sufficient averment that the plaintiff was a married woman at the time the words were spoken; as argumentativeness can be taken advantage of only by special demurrer.

4. Also *held,* in an action in the names of husband and wife for words spoken of the wife, that the averment that the neighbors refused to have any transactions, acquaintance, etc., " with the said plaintiffs or either of them," etc., on general demurrer, is sufficient.

ACTION for slander. Heard on demurrer to the declaration, June Term, 1885, WALKER, J., presiding. Demurrer *pro forma* overruled and declaration adjudged sufficient.

The declaration was, in part:

" Whereas the said Thomas Sheridan and the said Mary Sheridan, were heretofore, to wit: on the 4th day of February, A. D. 1866, at Dorset, aforesaid, duly and lawfully married, and thence hitherto have lived together as husband and wife, and as such husband and wife have had born to them, in lawful wedlock divers children, to wit: Mary Ann, aged fifteen years, Sarah, aged thirteen years, Anna, aged eleven years, and Thomas, aged ten years, all of which said children are now living, and also two other children who are now deceased; and among said children living and deceased, were two pairs of twins, all of which were known to the said defendant. And whereas, the said Mary Sheridan now is a good, true, honest," etc., etc.

Yet the said Daniel Sheridan, well knowing the premises, but greatly envying, etc., in a certain discourse which he, said Daniel Sheridan, then and there had with the said Mary Sheridan, of and concerning her, etc., spoke and published, etc., these false, etc., words, etc.:

" ' You' (meaning the said Mary Sheridan) 'damned old strumpet. Go to your ' (meaning the said plaintiff) ' next door neighbors, and they' (meaning the plaintiff's next door neighbors) 'will tell you' (meaning the said Mary Sheridan) 'what kind of character you are. You' (meaning Mary Sheridan) 'are an old prostitute' (meaning that the said Mary Sheridan is in the habit and practice of having illicit and sexual intercourse with men other than her husband, and that such habit and practice are well known and understood by her nearest neighbors). And the said defendant, by said false and defamatory words, thereby then and there, meant that said Mary Sheridan, then and there being a married woman, as aforesaid, had committed and was guilty of the crime of adultery; and that said defendant intending so to insinuate, represent, and have it understood, to wit, at Dorset aforesaid."

The second count, alleged the marriage in substantially the same manner as the first count; also the cohabitation, and that said Thomas and Mary had had children born to them, etc.; that said Daniel spoke, etc., these false, etc., words, etc.:

" ' Ask your' (meaning the said Mary Ann and Anna's) 'mother' (meaning the said Mary Sheridan) 'when she' (meaning the said Mary Sheridan) ' had the double-shotted children' (meaning the twins above mentioned) 'what strange bull' (meaning man other than her husband) 'came along' (meaning had sexual intercourse with her); and the said defendant by said last-mentioned false, scandalous, malicious, and defamatory words, thereby then and there meant, that said Mary Sheridan, at the time when said twins were begotten, she then and there being a married woman, as aforesaid, had sexual intercourse with some man other than her husband, and thereby had committed and was and is guilty of the crime of adultery."

*Burton & Munson* and *J. C. Baker*, for the defendant.

The innuendo in the first count is not warranted by the language charged to have been uttered. Rob. Dig. 643; Folk. Stark. Sl. 480; Odg. Lib. 100; *Patterson* v. *Wilkinson,* 55 Me. 42; *Nichols* v. *Packard,* 16 Vt. 83.

The words spoken should be construed in their most innocent sense. *Merritt* v. *Dearth,* 48 Vt. 65. It is not alleged that at the time the words were spoken that said Mary was the wife of said Thomas. *Ryan* v. *Madden,* 12 Vt. 51.

*J. G. Martin* and *H. K. Fowler,* for the plaintiff.

There was no error in holding the declaration sufficient. Rob. Dig. 643; *Cass* v. *Anderson,* 33 Vt. 189.

The opinion of the court was delivered by

VEAZEY, J. This case stands on general demurrer to the declaration. Objection is taken to the first count that the innuendo is not warranted by the language charged to have been uttered.

It is, as argued, not the office of an innuendo to extend, but simply to explain the meaning of the words used. In *Sabin* v. *Angell,* 46 Vt. 740, the holding was that it may be fairly said that an innuendo is used to point the meaning of the words used in view of the occasion and circumstances, and such extraneous matters as appear from the declaration. It operates in connection with the colloquium to point the true meaning intended by the use of the words. This is the general doctrine of the cases. *See* Starkie, Woods Notes, page 355.

We are unable to see how this innuendo is any enlargement or extension of the meaning of the words charged beyond their natural import, when taken in connection with the colloquium, wherein the plaintiff's marriage is averred. In *Nichols* v. *Packard,* 16 Vt. 83, the court say : Where the words used are of doubtful signification, it is for the pleader

Sheridan *v.* Sheridan.

to allege in what sense they were used, and for the jury to find the truth of the allegation. *Gage* v. *Shelton*, 3 Rich. (S. C.) 242. Here no new matter was introduced, no fact added, no attempt to enlarge the natural meaning of the words.

The same objection is urged to the second count. But we think, as in the first count, that the innuendo does not enlarge or extend the meaning of the words beyond their natural import, when taken in connection with the colloquium. The words charged may be of more doubtful signification, but they are clearly susceptible of the meaning given in the innuendo. The rule that in slander the words charged should be understood in their most innocent sense, applies where there are no averments giving them other and sinister meaning. That is the rule as stated in *Merritt* v. *Dearth,* 48 Vt. 65, cited by defendant. There the words alleged were, that the defendant told W. that he had intercourse with the plaintiff, Martha, meaning that she had committed adultery with W. This allegation, without colloquium or other averment, was held to import no crime. In the case at bar we have the other averments that were wanting in *Merritt* v. *Dearth.* Under or in connection with the averment of marriage, the words charged are capable of the meaning ascribed. It is further objected to both counts that it is not alleged that at the time the words were spoken said Mary Sheridan was the wife of Thomas.

Their marriage is alleged with time and place, and that they "thence hitherto have lived together as husband and wife," and as such have had born to them divers children, giving names and ages. This is the only allegation that Mary was the wife of Thomas at the time the words were spoken; but this is sufficient, at least under a general demurrer. It does not help the defendant that it is only by argumentation that the fact appears, as argumentativeness in a pleading can be taken advantage of only by special demurrer. *Woodward* v. *French,* 31 Vt. 337.

Another objection is suggested that the averment of the refusal of neighbors and citizens to have to do with the plaintiff, Mary, also includes the husband, Thomas. The language is, "wholly refused to have any transaction, acquaintance, or discourse with the said plaintiffs, or either of them," etc. This is clearly good enough for a general demurrer. The County Court *pro forma* overruled the demurrer and adjudged the declaration sufficient, and the cause came to this court on exceptions to this ruling without final judgment being rendered.

The judgment is affirmed, and the cause is remanded, with leave to defendant to replead on payment of the usual terms.