No. 25,743.

Gertrude M. Batten, *Appellant,* v. James H. Cox, *Appellee.*

SYLLABUS BY THE COURT.

1. Slander—*Pleadings—Allegation of Actual Damage—Effect.* In an action to recover damages for slander, an allegation of actual damages is equivalent to an allegation of general damages where no special damage is alleged.

2. Same—*Language Actionable Per Se.* The following language: "I hear that it is not you, but your husband, Mr. Batten, who is getting the divorce and that he caught a man with you; that all A street is talking about it," addressed to a married woman in the presence of her fourteen-year-old daughter, is actionable *per se.*

3. Same—*Pleading—Requisites.* Where a petition alleges that slanderous words were spoken to a married woman in the presence of her fourteen-year-old daughter, it is not necessary to allege that the daughter heard the words and understood them.

Appeal from Cowley district court; Oliver P. Fuller, judge. Opinion filed March 7, 1925. Reversed.

*C. T. Atkinson,* and *Tom Pringle,* both of Arkansas City, for the appellant.
*L. C. Brown,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.:  The plaintiff sued to recover damages caused by slanderous words spoken of and to her by the defendant in the presence of plaintiff's fourteen-year-old-daughter.  Judgment was rendered in favor of the defendant on a demurrer to the petition of the plaintiff, who appeals.

In order to properly present the matters complained of, it is necessary to set out the material parts of the petition, which are as follows:

"That on or about the —— day of June or July, 1921, at Arkansas City, Kansas, in the presence of plaintiff's fourteen-year-old daughter, Edna Batten, the defendant, falsely, wantonly, wickedly and maliciously spoke of and concerning this plaintiff, the following false and defamatory words: 'I hear that it is not *you*, but your husband, Mr. Batten, who is getting the divorce and that he caught a man with you,' meaning that this plaintiff's husband caught this plaintiff and some man in an illicit and criminal act; 'that all A street is talking about it, and that a Mrs. Lewis, who lives on A street in this city, told another Mrs. Lewis all about it, and that Mrs. Lewis to whom the first Mrs. Lewis told it, told my wife, and she told me,' meaning thereby that the said false and defamatory matter had been the subject of gossip and general talk all over A street in the city of Arkansas City, Kan., and that this plaintiff had been the subject of discussion among the people of the city in words and manner that stamped this plaintiff as an immoral woman, an adulteress and an unworthy mother. . . .  Plaintiff further states that by reason of said false, defamatory and slanderous publication and words spoken of and concerning her, she has been actually damaged in the sum of five thousand dollars; and that because of the willfulness, wantonness and malice of said words spoken as aforesaid, she had been injured in her feelings, reputation, public confidence and social intercourse in the sum of five thousand dollars; and that because of the willfulness, wantonness and malice of said words so published and spoken of and concerning this plaintiff by the said defendant, she has been damaged in the further sum of five thousand dollars as punitive damages in the premises."

Other allegations of the petition are that the plaintiff was a person of good reputation, that she was a loving and devoted mother and had the confidence of her children, and that the words spoken tended to and do provoke her to wrath and do expose her to public hatred.

1. Before the demurrer was sustained, the allegation that "she had been actually damaged in the sum of five thousand dollars" was stricken from the petition on the motion of the defendant.  Of that the plaintiff complains.  Before that allegation was stricken out,

the defendant had filed a motion to make the petition more definite and certain in the following particulars:

"1. That she set out precisely in what manner she had been damaged as a result of the alleged slander.

"2. That she set out and allege the names of the individuals, firms, corporations, employments, customers, and any and all other sources of loss, and the items thereof, if any."

Upon the hearing of that motion, the plaintiff asked for and was given time in which to amend the petition by setting out the items of special damage sustained. The time expired, the amendment had not been made, and the plaintiff announced in open court that she could not set out any items of special damage. The motion to strike out the allegation concerning actual damages was then filed and sustained. When the plaintiff announced that she could not set out any items of special damage, the allegation of actual damages should thereafter have been construed not to include special damage. The allegation should not have been stricken out, but should have been allowed to stand as an allegation of general damages.

2. It is urged that the language used was not actionable *per se*. In *Henicke v. Griffith*, 29 Kan. 516, the following language was charged to have been used:

"I do not visit Mrs. Henicke; would be ashamed to be associated with her; Mrs. Henicke keeps that grocer man, Broadwell—he calls two or three times a day; she thinks more of Broadwell than she does of her husband; Henicke is a mere ornament which she keeps there for certain purposes; Broadwell remains in the house for hours when Henicke is away, alone with Mrs. Henicke." (p. 517.)

By proper innuendoes, it was alleged that the defendant had charged that the plaintiff had been guilty of the crime of adultery. The first section of the syllabus in that case reads:

"Oral language charging adultery is, in this state, actionable *per se*." (Syl.)

In *Bashford v. Wells*, 78 Kan. 295, 96 Pac. 663, the language charged to have been used was:

"Bashford was undoubtedly down the railroad track with some woman; I believe it. He is guilty; I know he is." (p. 296.)

With proper innuendoes, it was alleged that the plaintiff had been engaged in an act of adultery. In that case it was held that the petition stated facts sufficient to constitute a cause of action. To reach that conclusion it was necessary to hold that the language used was actionable *per se*.

Batten v. Cox.

The language used in the present case was as clear, if not clearer, in charging an act of adultery than was the language used in either *Henicke v. Griffith* or *Bashford v. Wells.*

3. It is urged that because it is not alleged that the plaintiff's daughter heard the defamatory language and understood it, the petition does not state a cause of action. There are authorities which hold that it is necessary to prove that the language must have been both heard and understood by those in whose presence it was spoken. There are authorities which hold that where it is alleged that the language was used in the presence of a third person, it is not necessary to allege that such person heard it or understood it. (*Guard v. Risk,* 11 Ind. 156, 158; *Hutts v. Hutts,* 51 Ind. 581; *Emerson v. Marvel,* 55 Ind. 265, 269; *Hanning v. Bassett,* 75 Ky. [12 Bush] 361, 362; *Burbank v. Horn,* 39 Me. 233, 235; *Stieber v. Wensel,* 19 Mo. 513; *Atwinger v. Fellner,* 46 Mo. 276, 278; *Brown v. Brashier,* 2 P. & W. [Pa.] 114; 25 Cyc. 446; 13 Enc. Pl. & Pr. 43; Townshend on Libel and Slander, 4th ed., 556.)

Five times the petition alleges that the slanderous words were published. What constitutes a publication of slanderous words? Those spoken in the presence and hearing of a third person constitutes a publication. (*Burton v. Burton,* 3 G. Greene [Iowa] 316; *Watts v. Greenlee,* 13 N. C. 115; 4 Words & Phrases, 2d series, 54; 25 Cyc. 366; and Townshend on Slander and Libel, 4th ed., 88.) Those parts of the petition which alleged that the words were published constituted an allegation that they were spoken in the hearing of the fourteen-year-old daughter and that she understood them. As against a demurrer, each allegation that the words were published was sufficient to charge that the language was used in the hearing of the fourteen-year-old daughter and that she understood it.

The judgment is reversed.