HENRIETTA RAMM PIPLACK, joined by her next friend and husband, JOHN PIPLACK, *Plaintiff in Error*, v. EDWARD M. MUELLER, *Defendant in Error*.

Division A.

Opinion filed April 2, 1929.

*Grimes & Rowe,* for Plaintiff in Error;

*J. Ben Fuqua,* for Defendant in Error.

ELLIS, J.—This was an action in damages for defamation of character. On a plea of not guilty there was a verdict for the plaintiff in the sum of $1,300.00. A motion for a new trial was granted to which order the plaintiff took a writ of error.

The declaration states a cause of action based upon words used by the defendant and applied to the plaintiff which were defamatory in character. Some of the words were actionable *per se;* others were actionable *per quod.* That is to say, some of the words upon their face and without the aid of intrinsic proof were injurious; they were defamatory *per se.* Other words used were not on their face in their usual and natural signification injurious but were only so in consequence of extrinsic facts. Those words required an innuendo. General damages from the use of words defamatory in character *per se* follow in contemplation of law and need not be proved by evidence. See 37 Corpus Juris 91; Briggs v. Brown, 55 Fla. 417, 46 So. R. 325.

The other words used sounded in slander because they were uttered and understood in the sense imparted to them by the innuendo, not strictly an innuendo but an averment as to their meaning. See Sabin v. Angell, 46 Vt. 740; Castleman v. Hobbs, Cro. Eliz., 428.

The meaning of the words: "she runs with negroes around there for twenty-five cents" derives no further significance from any fact alleged in the innuendo which merely pointed to the true meaning of the words. See Hunicke v. Griffith, 29 Kan. 517; Sabin v. Angell, *supra*; 37 C. J. 25, 31.

Those words as well as those used which were *per se* defamatory, that is to say, which needed no explanation but were direct and clear in meaning were actionable.

The evidence supported the allegations of the declaration but showed that the words which are made the basis of the action were spoken in the city of Chicago, Illinois, at a time when the plaintiff was in the State of Florida and the action was brought in Florida about nine months after the words were spoken. The only question is: will words defamatory in character uttered in one jurisdiction about a person living in another jurisdiction sustain an action for defamation of character brought in the latter State?

There was no evidence as to the law of the State of Illinois on the question whether the words were slanderous in character in that State.

Words slanderous by the common law spoken in another state are actionable in this State. See Linville v. Earlywine, 4 Blacf. (Ind.) 469; Offutt v. Earlywine, 4 Blacf. (Ind.) 460; Stout v. Wood, 1 Blacf. (Ind.) 71; Hull v. Vreeland, 42 Barbour 543.

Words which impute dishonesty and commission of crime are slanderous at common law. 1 Kent's Commen-

taries 619; Newell on Slander and Libel, 4 L. Ed. 73; 17 R. C. L. 279.

In so far as the words which charged the plaintiff with the crime of larceny we hold them actionable in this state although spoken in the State of Illinois. The constitutional provisions upon the subject which aid us in arriving at the conclusion are: "All courts in this State shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial or delay." Const. of Fla., Declaration of Rights, Sec. 4.

The Constitution of the United States provides that: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law." U. S. Const. 14 Amendment.

No proof of special damage was necessary as to the effect of the words imputing to the plaintiff the commission of acts dishonest in character and which would subject her to criminal prosecution for the larceny under the statute, or at common law. We are, therefore, of the opinion that the order granting a new trial should be reversed.

So ordered.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.