91 So.2d 811 (1957)
Ben J. CHASIN and Mollie Chasin, his wife, Appellants,
v.
A.J. RICHEY, Appellee.
Supreme Court of Florida. Special Division A.
January 4, 1957.
*812 Irving Cypen, Miami Beach, and Michael H. Salmon, Miami Beach, for appellants.
Hudson & Cason, Miami, for appellee.
HOBSON, Justice.
This is an appeal by defendants from final judgment of the circuit court entered consequent upon a verdict for the plaintiff in the amount of $7,625. and costs.
The plaintiff is a real estate broker, who sued for a commission which he claimed as a result of the sale of certain property. In his complaint, he alleged that this commission was five percent of the purchase price of the property, which was alleged to have been $152,500. Five percent of the alleged selling price would have been $7,625. which was the amount of the verdict. In the complaint, however, plaintiff demanded damages only in the amount of $7,125. The verdict in the larger amount is fully supported by the evidence, and although appellants contend that the jury misinterpreted the evidence, we cannot agree. The only contention of appellants which we consider it necessary to discuss is their second, namely, that the verdict and judgment were in error because they were entered in an amount in excess of that which was prayed for in the complaint.
After a study of the complaint, as a whole, it is apparent that the amount prayed for in the ad damnum clause resulted from a simple mathematical error, since the plaintiff clearly alleged in the body of his complaint that the commission to which he was entitled was five percent of the stated selling price.
Appellants rely upon Fain v. Cartwright, 132 Fla. 855, 182 So. 302, in which we held that a plaintiff suing for damages sustained in an automobile collision could not recover more than the amount claimed in the declaration. In that case the plaintiff had claimed, as an item of special damage, $35 per week for loss of earnings. At the trial he testified, however, that he made approximately $75 a week. There was no suggestion in the pleadings that an amount greater than $35 a week would be claimed, and defendant was understandably surprised at the trial by testimony of a much larger claim. That is not the case here, where the theory of plaintiff's case, as indicated in his complaint, shows that he is suing for the larger amount. Moreover, the Cartwright case was decided under the old rules of procedure. Under the present rules, which are modeled upon the Federal Rules of Civil Procedure, 28 U.S.C.A. every complaint is considered to pray for general relief 30 F.S.A.Rule 1.8, Florida Rules of Civil Procedure, and in the ordinary case it is the facts alleged, the issues and proof, and not the form of the prayer for relief, which determine the nature of the relief to be granted. The federal courts have held that the relief which may be granted the plaintiff is not limited by his *813 prayer. Fanchon & Marco, Inc., v. Paramount Pictures, Inc., 2 Cir., 202 F.2d 731, 36 A.L.R.2d 1336; Ring v. Spina, 2 Cir., 148 F.2d 647, 160 A.L.R. 371. We do not hold that this principle will be applicable in every case, since in some cases, as in the Cartwright case, supra, it may result in surprise at the trial. In the case before us, however, defendant was placed upon proper notice by the allegations in the body of the complaint, and cannot now complain of a simple mathematical error which could have been corrected at the pleading stage had it been brought to the attention of the trial court at that time.
Affirmed.
TERRELL, Acting C.J., THORNAL, J., and LOPEZ, Associate Justice, concur.