101 So.2d 375 (1958)
Harry SINNAMON, as Administrator of the Estate of Charles Andrew Doty, deceased, Petitioner,
v.
Maynard Grady FOWLKES, Jr., Respondent.
Supreme Court of Florida.
March 21, 1958.
*376 Marlow & Sinnamon, Miami, for petitioner.
Blackwell, Walker & Gray, Miami, for respondent.
DREW, Justice.
Petitioner seeks to obtain review of a decision of the District Court of Appeal which reversed a judgment of the Circuit Court for Dade County entered on a verdict for plaintiff, petitioner in this Court and appellee below, including a $4,000 punitive damage award.
The verdict was returned in an action by petitioner, as administrator of the estate of a deceased, for damages under the Survival of Action Statute, F.S., Sec. 45.11, F.S.A. No question is raised at any point relative to damages awarded in the companion action under F.S., Sec. 768.01, .02, F.S.A., to recover for wrongful death. The case was presented to the jury on instructions that amounted to a directed verdict for plaintiff on the issue of liability. The court further charged the jury that there was "no evidentiary basis for the recovery * * * of any compensatory damages under * * * Section 45.11," but permitted the allowance of punitive damages in that action. As above stated, the verdict returned did include $4,000 attributable only to an award of punitive damages under the survival statute.
The district court applied the rule of law that some substantial actual or compensatory damages must be shown as a predicate for allowance of punitive damages, and reversed the judgment upon that point. In taking this position the court relied upon an earlier opinion of this Court as indicating sanction of the rule. McLain v. Pensacola Coach Corporation, 152 Fla. 876, 13 So.2d 221.
In the instant proceeding the petitioner necessarily proceeds under that provision of amended Article V of the Florida Constitution, F.S.A., authorizing review by certiorari in this Court of "any decision of a district court of appeal * * * that is in direct conflict with a decision of another district court of appeal or of the Supreme Court on the same point of law * * *," and the corresponding provision of Rule 2.1 a(5) (b) of the Florida Appellate Rules. The only ground presented by petitioner for issuance of the writ under this section lies in an alleged conflict between the decision in the instant *377 case and the doctrine inherent in certain opinions of this Court to the effect that an element of malice in intentional torts may support recovery of damages for mental pain and anguish unconnected with physical injury. Kirksey v. Jernigan, Fla. 1950, 45 So.2d 188, 17 A.L.R.2d 766; Crane v. Loftin, Fla. 1954, 70 So.2d 574. Cf., as to award of damages for libel or slander per se without proof of special injury, Ross v. Gore, Fla. 1950, 48 So.2d 412; Campbell v. Jacksonville Kennel Club, Fla. 1953, 66 So.2d 495; Hartley & Parker v. Copeland, Fla. 1951, 51 So.2d 789; Piplack v. Mueller, 97 Fla. 440, 121 So. 459; Layne v. Tribune Co., 108 Fla. 177, 146 So. 234, 86 A.L.R. 466; Harriss v. Metropolis Co., 118 Fla. 825, 160 So. 205; Johnson v. Finance Acceptance Co. of Ga., 118 Fla. 397, 159 So. 364.
But whatever the language used, even a cursory examination of the cited cases reveals that damages referred to were in all instances compensatory in nature, rather than punitive or exemplary. Vol. 7, Fla. Law and Practice, Damages, Sec. 18. Obviously, then, their rationale is not in "direct conflict" with the decision of the court below so as to warrant review by certiorari under the above provision.
Without regard to the propriety of the rule of law applied by the district court, or the strength of the decision upon which the court relied (points upon which we do not rule because not necessary to the disposition of this proceeding), the writ must be denied, with the observation, again, that "under the constitutional plan the powers of this Court to review decisions of the district courts of appeal are limited and proscribed." Diamond Berk Insurance Agency, Inc., v. Goldstein, Fla., 100 So.2d 420, 421.
Certiorari denied.
TERRELL, C.J., and HOBSON, ROBERTS and THORNAL, JJ., concur.