246 So.2d 563 (1971)
FONTAINEBLEAU HOTEL CORP., a Florida Corporation, Petitioner,
v.
David WALTERS and Arthur Courshon, Respondents.
No. 39504.
Supreme Court of Florida.
March 24, 1971.
Rehearing Denied April 26, 1971.
*564 Shalle Stephen Fine, Miami, for petitioner.
S. Harvey Ziegler, of Walters, Moore & Costanzo, Miami, for David W. Walters; Ely R. Katz and Michael H. Salmon, Miami Beach, for Arthur H. Courshon, respondents.
MURPHREE, Circuit Judge.
Certiorari was granted to review a decision of the District Court of Appeal, Third District, reported at 231 So.2d 240, which affirmed the dismissal with prejudice by the trial court of petitioner's second amended complaint.
The second amended complaint, omitting those parts not now pertinent, alleged the following:
"In April of 1967, the Defendants, acting jointly and severally, engaged the FONTAINEBLEAU HOTEL, through its owner, the Plaintiff corporation, for a $100.00 per plate dinner to be given for the benefit of Hubert H. Humphrey, the Vice President of the United States.
"The dinner was in fact given and the hotel supplied food, drink, service and accommodation for the guests thereat, which said guests numbered several hundred, if not thousand.
"At the time that they engaged the hotel for the aforesaid dinner, the Defendants, jointly and severally, as principals, agreed to collect from the proceeds thereof and to remit to the hotel the agreed upon costs of the dinner * * *"
(Thereafter was set forth in detail prices to be charged and a detailed statement of what was furnished.)
"The total of these charges was $21,055.50. Credit was allowed against the charge for a table taken by the Fontainebleau in the amount of $1,000, leaving a balance due of $20,055.00.
"Although the dinner was a huge success, and an amount in excess of $100,000 was raised by the Defendants from the proceeds thereof, the said Defendants have wholly failed, refused and neglected to account to the hotel in full for the funds due the hotel for giving the said dinner and furnishing the Defendants and their hundreds or thousands of guests with food, drink, accommodation and service. Although many times demanded, those charges in the amount of $11,390.64 remain unpaid."
It was respondents' contention that the above complaint did not state a cause of action because of a failure to specifically set forth the form of the agreement from which certain alleged obligations arose, as well as a detailed description of each element required to establish those obligations. Respondents' motion to dismiss further argued that the second amended complaint was so vague, indefinite, and ambiguous that it was impossible to frame a reply thereto. The final point submitted was that the complaint was, on its face, barred by the statute of limitations.
*565 Rule 1.110, Florida Rules of Civil Procedure, 30 F.S.A., reads in part as follows:
"(a) Forms of Pleadings. Forms of action and technical forms for seeking relief and of pleas, pleadings or motions are abolished.
"(b) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim or third party claim must state a cause of action and shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to pray for general relief."
We have held in the past that the primary intent of the above rule is to eliminate technicalities and simplify the procedures involved in the administration of justice. Wincor v. Turner (Fla. 1968) 215 So.2d 3.
The second amended complaint, as set out above, alleges that an agreement was made between the representatives of the plaintiff corporation and the defendants whereby the plaintiff would furnish certain goods and services in return for an agreed upon rate of consideration from a fund that was to subsequently materialize; that the plaintiff furnished such goods and services and the fund in question did materalize; but that the defendants have not fulfilled their obligation by full payment of the agreed consideration. By this, the plaintiff has set forth allegations of facts sufficient to conclude that, if taken as true, some relief is warranted. Thereafter, a prayer is entered by plaintiff as to the amount that relief should be. This is a situation similar to Balbontin v. Porias (Fla. 1968) 215 So.2d 732, where the allegations of the complaint as reflected by the record proper stated a cause of action but the District Court, on appeal, affirmed without opinion the trial court's dismissal of the complaint. In that case, we held that such an affirmance invokes our certiorari jurisdiction if the record proper shows the result to be in conflict with a decision of an appropriate appellate court as established in Foley v. Weaver Drugs, Inc., (Fla. 1965) 177 So.2d 221. Here the trial court ordered a dismissal with prejudice, but without explanation, and the District Court affirmed without opinion other than the citation of two cases decided by this court in the days prior to the adoption of our rules of modern procedure when pleading of the strictest technical sense was an essential requirement.
With the aid of Balbontin v. Porias, supra, we find no difficulty in establishing the conflict on which our jurisdiction is based. It is clear that the result of the questioned District Court opinion violates our modern rule that where a complaint contains sufficient allegations to acquaint the defendant with the plaintiff's charge of wrongdoing so that the defendant can intelligently answer the same, it is error to dismiss the action on the ground that more specific allegations are required. Cohn v. Florida-Georgia Television Company. (Fla.App. 1968) 218 So.2d 787, certiorari denied by this court at 225 So.2d 911. A motion to dismiss a complaint for failure to state a cause of action does not reach the defects of vague and ambiguous pleading. Calhoun v. Epstein (Fla. App. 1960) 121 So.2d 828; Smith v. Platt Motors Inc. (Fla.App. 1962) 137 So.2d 239; Frisch v. Kelly (Fla.App. 1962) 137 So.2d 252; Plowden & Roberts, Inc. v. Conway (Fla.App. 1966) 192 So.2d 528. Likewise, under our rules of procedure, it is not necessary for the plaintiff to state the theory of his case in his pleading. In Chasin v. Richey (Fla. 1957) 91 So.2d 811, this court stated as follows:
"Under the present rules, which are modeled upon the Federal Rules of Civil *566 Procedure, 28 U.S.C.A. every complaint is considered to pray for general relief 30 F.S.A. Rule 1.8 [Amended in 1966 and now appearing as Rule 1.110] Florida Rules of Civil Procedure, and in the ordinary case it is the facts alleged, the issues and proof, and not the form of the prayer for relief, which determine the nature of the relief to be granted." (91 So.2d at 812)
While the second amended complaint might well have been subject to a motion for more definite statement under F.R.C.P. 1.140(e), or a motion to strike under F.R.C.P. 1.140(f), the record that is now before us demonstrates that the complaint was clearly sufficient to state a claim for relief under F.R.C.P. 1.110(b), should not have been dismissed with prejudice, and should proceed to trial on the issue made by an answer.
The decision under review is quashed with directions to the District Court to reverse the judgment of the trial court and for further proceedings not inconsistent with this opinion.
It is so ordered.
ERVIN, Acting C.J., and CARLTON and ADKINS, JJ., concur.
DREW (Retired), J., dissents with opinion.
DREW, Justice, Retired (dissenting):
I agree that the trial court erred in sustaining the motion to dismiss the second amended complaint with prejudice; I also agree the District Court of Appeal erred in affirming that action without opinion. I cannot agree, however, that such action generates a conflict of decisions, in the constitutional sense, which is essential to our exercise of jurisdiction. The Constitution enables this Court to harmonize the decisions of this and the District Courts of Appeal, not to correct erroneous decisions of the latter. Florida Power & Light Co. v. Bell, 122 So.2d 611; Ansin v. Thurston, Fla., 101 So.2d 808; Lake v. Lake, Fla., 103 So.2d 639; Sinnamon v. Fowlkes, Fla., 101 So.2d 375, and similar decisions.
I would quash the writ as having been improvidently issued for lack of jurisdiction.