443 So.2d 450 (1984)
Oliver Earl YOUNG, Appellant,
v.
PALM BEACH COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 82-1762.
District Court of Appeal of Florida, Fourth District.
January 11, 1984.
*451 John M. Johnston of White & Case, Palm Beach, for appellant.
Charles F. Schoech, County Atty., and David M. Wolpin, Asst. County Atty., West Palm Beach, and Robert S. Goldman of Messer, Rhodes & Vickers, Tallahassee, for appellee.
PER CURIAM.
Appellant seeks reversal of a final judgment dismissing his amended complaint seeking inverse condemnation against Palm Beach County. The complaint alleged a taking of residential property due to noise from overflying aircraft as they enter and depart Palm Beach International Airport.
The amended complaint averred that for over fourteen years appellant has owned certain real property approximately 2000 yards from the eastern end of the East-West runway of Palm Beach International Airport, which is owned and operated by Palm Beach County. Regular and almost continuous flights to and from the airport over and near appellant's property, often minutes apart, make it impossible during such flights for appellant or members of his family to converse, to speak over the telephone, or to listen to television. It was further alleged that the frequency of these flights has steadily increased over the past fourteen years; the noise emitted by said aircraft has severely diminished, deprived, and substantially interfered with the beneficial use and enjoyment of said property and has diminished the market value thereof. Finally, appellant alleged that appellee should be required to exercise its power of eminent domain and pay appellant for air or avigational easements or other property rights taken.
The trial court granted appellee's motion to dismiss the amended complaint because appellant failed to allege 1) compliance with Section 768.28(6), Florida Statutes (1981), 2) that the conditions complained of are reasonably expected to continue, and 3) inadequate identification of the air or avigational easements or other property rights that were taken.
There now exists a variety of cases involving inverse condemnation of property neighboring airports.[1] They describe the cause of action that arises when noise and other disruptive factors become so onerous *452 as to constitute a taking of neighboring property. The cause of action alleged here does not sound in tort, a sine qua non for application of Section 768.28(6), Florida Statutes (1981). See State Road Department v. Tharp, 146 Fla. 745, 1 So.2d 868 (1941); City of Jacksonville, supra; see also Martin v. Port of Seattle, 64 Wash.2d 309, 391 P.2d 540 (1964), cert. denied 379 U.S. 989, 85 S.Ct. 701, 13 L.Ed.2d 610 (1965). Rather, appellant seeks the equitable remedy of requiring the government to condemn the property taken and pay compensation therefor.
Appellee contends that appellant failed to allege that the conditions complained of are reasonably expected to continue. Assuming there is such an actual pleading requirement, we regard the allegation that the frequency of the offending flights has steadily increased over the past fourteen years as adequately meeting that requirement. Regarding the trial court's finding that the air or navigational easements taken were not adequately described, we think appellant's statement was sufficient to acquaint appellee with the relief sought and allow intelligent formulation of a responsive pleading. See Fontainebleau Hotel Corp. v. Walters, 246 So.2d 563 (Fla. 1971); City of Jacksonville, supra.
In view of the foregoing we conclude that the amended complaint adequately states a cause of action for inverse condemnation sufficient to require appellee to respond thereto. Accordingly, the order appealed from is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED with directions.
DOWNEY and DELL, JJ., and GOLDMAN, MURRAY (Associate Judge), concur.
NOTES
[1] E.g., Aaron v. United States, 160 Ct.Cl. 295, 311 F.2d 798 (1963); Hillsborough County Aviation Authority v. Benitez, 200 So.2d 194 (Fla. 2d DCA 1967), cert. denied 204 So.2d 328 (Fla. 1967); City of Jacksonville v. Schumann, 167 So.2d 95 (Fla. 1st DCA 1964), cert. denied 172 So.2d 597 (Fla. 1965).