C. H. JOHNSON v. FINANCE ACCEPTANCE COMPANY OF GEORGIA.

159 So. 364.
Division B.
Opinion Filed February 11, 1935.

*Stanton Walker* and *W. P. Dineen,* for Plaintiff in Error.
*Joseph H. Ross,* for Defendant in Error.

TERRELL, J.—October 14, 1931, defendant in error, Finance Acceptance Company purchased all notes and accounts receivable of the Johnson Discount Company with the alleged promise that it (Johnson Discount Company) would not go back into the small loan business in Jacksonville within a reasonable time.

November 5, 1931, Finance Acceptance Company addressed the following letter to Ray Chapman, one of its clients whose note was among those purchased from Johnson Discount Company:

"On September 14th, 1931, we purchased all notes and accounts receivable of the Johnson Discount Company of Jacksonville and at that time had the verbal assurance of Mr. C. N. Johnson, President of the Johnson Discount Company, and also the assurance of his attorney, that Mr. John-

son would not go back into the loan business for a reason-able length of time.

"About three weeks after we purchased their accounts the Johnson Discount Company opened offices again in Jacksonville and we understand that this concern has been vigorously soliciting the accounts we purchased from them, under the pretense that their interest charges are less and that they can serve you better than we can.

"It is a very unethical practice in the loan business for one loan company to solicit the accounts of another and we hope that you will not be misled if you are approached to transfer your account from our offices to another company.

"Our company is a chain organization with sufficient cap-ital at our command to serve you when you are in need of funds and we stand ready and willing to serve you quickly and courteously.

"Our co-operative bonus plan will enable you to save 25% to 50%, or more, of the interest charges on your present loan or any renewal you might make and we want to con-tinuously enjoy your patronage.

"We hope that you will consult us before you are per-suaded to transfer your loan to any other company, as we feel that we can serve you as well, if not better, than our competitors."

In January, 1932, C. H. Johnson, the plaintiff in error, who was plaintiff below, and the owner of Johnson Dis-count Company, brought a common law action against Fi-nance Acceptance Company, the declaration charging that the said letter was falsely, willfully, and maliciously de-signed to injure the plaintiff in his business and that the libelous words contained therein did in fact greatly injure and damage the plaintiff in his business to the extent of $50,000.00.

A demurrer to the declaration was overruled. Pleas were filed tendering the defense of not guilty, that the letter in question was published with good motives, and the statements therein were true, that the writing and mailing of said letter was not the act and deed of an authorized agent of the defendant, nor was its contents within the scope of his authority to promulgate, and that said letter was privileged and was written without malice to the plaintiff. Demurrer to these pleas was overruled and the cause went to trial on the issue made by the declaration and the pleas. At the conclusion of the plaintiff's testimony motion for an instructed verdict in favor of the defendant was granted. A motion for a new trial was denied and the instant writ of error was prosecuted to both orders.

The plaintiff in error contends here that the court below erred in granting the motion for an instructed verdict because the declaration stated a ground of libel *per se,* while the defendant in error contends that the judgment below should be affirmed for substantially the same reasons as set out in its motion for an instructed verdict.

The sole question with which we are confronted may be stated to be whether or not the plaintiff in his declaration alleged and proved facts constituting a libel against him for which the defendant was responsible.

Words are actionable *per se* or in themselves when they are of such character that an action may be brought upon them without the necessity of showing any special damages, the imputation being such that the law will presume that anyone so libelled must have suffered damages. If, after uttering the words constituting the alleged libel, the author proceeds to allege the consequences thereof and to prove special damages thereunder they are actionable *per quod.*

The distinction between the two classes of libel is based

on a rule of evidence. Words of both classes are actionable on the same grounds and for the same reasons. The noxious quality in both lies in the fact that they are the natural and proximate causes of pecuniary damages to those concerning whom they are maliciously uttered. The difference between them is in the matter of proof of the resulting injury. In the case of words actionable *per se* their injurious character is a fact of common notoriety, established by the general consent of men, and the court consequently takes judicial notice of it. They necessarily import damage and, therefore, in such cases general damages need not be pleaded or proved but are conclusively presumed to result, and special damages need not be shown to sustain the action. Malice is presumed as a matter of law in such cases. Words actionable *per quod* are those whose injurious consequences must be established by allegation and proof. Commander v. Pedersen 116 Fla. 148, 156 So. 337; 17 R. C. L. 264.

It is contended by plaintiff in error that the declaration here states grounds of libel *per se*. It is not contended and the declaration does not attempt to establish a claim for special damages on the basis of libel *per quod,* neither is there any proof of such.

The letter quoted on which plaintiff grounds its cause of action was addressed by defendant to a customer or client and with the impertinent parts elided it states in substance that defendant bought out the plaintiff wih his (Plaintiff's) promise that he would not go back in the loan business for a reasonable time, that notwithstanding said promise in about three weeks the plaintiff opened offices in Jacksonville and was vigorously soliciting accounts sold by him (plaintiff) to defendant on the pretense that his (plaintiff's) interest charges were less than defendant's and that his service was better. The said letter further stated that

it was very unethical for one loan company to solicit the accounts of another and urged the customer not to be misled if asked to transfer his account from its offices to another company.

Taken in connection with the whole transaction these words were not libelous *per se* and they are not aided by innuendo of extrinsic facts. We can discern nothing more than trade talk in them. The facts further show that they were privileged and made without malice or bad motive and the uncontradicted evidence shows that they were in the main true. There was no evidence or circumstance on which damages could be predicated.

The judgment below is accordingly affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.