THE METROPOLIS COMPANY, Plaintiff in Error, v. ROY CROASDELL, Defendant in Error.

199 So. 568
En Banc
Opinion Filed January 10, 1941

*Harry W. Reinstine,* for Plaintiff in Error;
*Julian E. Fant,* for Defendant in Error.

PER CURIAM.—The defendant in error, Roy Croasdell, plaintiff below, filed a declaration alleging the false and malicious publication of an article which described him as having been "cashiered" from his job as assistant county engineer. A demurrer to the declaration was overruled, the order stating that the publication was libelous *per se*. On pleas of not guilty, truth and privilege, the jury returned a verdict of $3,000. Upon motion for new trial, the court suggested a remittitur of $750, which was entered, and judgment for $2,250 damages to the plaintiff was rendered. Writ of error was taken by defendant.

The first question raised by the plaintiff in error is whether or not it is libelous *per se* to publish in a newspaper, concerning the plaintiff as engineer, the following::'

"The new county board held its organization session today. First off, it handed out nine jobs. Next, it abolished four—the four jobs abolished were in the county engineering department. Solee moved up from one of assistant engineer jobs, which was knocked out, and the other assistant, Roy Croasdell, was cashiered. From now on there will be no assistant engineers—Since one of the jobs was held by Solee, who moved up, the abolition of the four jobs knocked only three men out of jobs—Croasdell, Crooks and Lewis."

Libel *per se* is false and unprivileged publication of unfounded statements which tend to injure a person in office, occupation, business, or employment and which in natural and proximate consequence will necessarily cause injury. McClellan v. L'Engle, 74 Fla. 581, 77 So. 270; Layne v. Tribune Co., 108 Fla. 177, 146 So. 234, 86 A. L. R. 466; Sharp v. Bussey, 137 Fla. 96, 187 So. 779, 121 A. L. R. 1148. We find no error in the ruling that the use of the word "cashiered" in the quoted publication and applying the above definition was libelous *per se*. It is true the

meaning given the word is "to dismiss" or "to discharge." However, it does not mean an ordinary dismissal but one with ignomy, or with dishonor, or in disgrace. It is of significance that although four jobs were abolished and three employees were left without jobs, only the defendant in error was "cashiered."

The second question submitted is in regard to the admissibility of testimony of the mental suffering of plaintiff's wife and family. The objection to this testimony was not sufficiently definite in the court below to apprise the court and opponent of the precise objection raised here, namely, its admissibility as an element of damages. See McKennon v. Johnson, 57 Fla. 120, 48 So. 910; Caldwell v. Peoples Bank of Sanford, 73 Fla. 1165, 75 So. 848. The appellate court will consider only such grounds of objection to the admissibility of evidence as were made in the court below. Cross v. Aby, 55 Fla. 311, 45 So. 820; Peninsular Naval Stores Co. v. Mathers, 96 Fla. 620, 119 So. 333. The objection raised below was to the admissibility of testimony offered by the witness as to the state of mind of the plaintiff's family. It is well settled that evidence is admissible in an action for slander or libel to show aversion or contempt manifested as a consequence of libelous or slanderous publications to show their harmful tendency. See Luna v. Seattle Times Co., 186 Wash. 618, 59 P. 2d) 753, 105 A. L. R. 932, Note, page 944.

The third question presented is whether or not there was evidence of actual malice in the record. Words amounting to libel *per se* necessarily import malice. Layne v. Tribune Co., *supra;* Johnson v. Finance Acceptance Co. of Georgia, 118 Fla. 397, 159 So. 364. General damages for the use of words defamatory *per se* need not be proved. Piplack v. Mueller, 97 Fla. 440, 121 So. 459; Layne v. Tribune Co., *supra;* Commander v. Pedersen, 116 Fla. 148, 156 So. 337;

Johnson v. Finance Acceptance Co. of Georgia, *supra;* Harriss v. Metropolis Co., 118 Fla. 825, 160 So. 205. The evidence adduced by the plaintiff, if believed by the jury, was ample to support a verdict, and, coupled with the failure of the defendant to print a retraction within ten days after receipt of notice as required by Chapter 16070, Acts of 1933, would be some evidence of actual malice on the part of the defendant. See 37 C. J. 78, Sec. 484, and note; Augusta Chronicle Publ. Co. v. Arrington, 42 Ga. App. 746, 157 S. E. 394.

A careful examination of the record discloses no reversible error and the judgment must therefore be affirmed.

Affirmed.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD, THOMAS, and ADAMS, J. J., concur.

CHAPMAN, J., dissents.