68 So.2d 357 (1953)
LINEBERGER
v.
DOMINO CANNING CO., Inc.
Supreme Court of Florida, en Banc.
July 24, 1953.
Rehearing Denied October 1, 1953.
*358 Rosin & Paderewski, Arcadia, for appellant.
Knowles & Kirk, Bradenton, for appellee.
HOBSON, Justice.
C.H. Lineberger, Jr., at the time of the unfortunate accident which gave rise to this litigation was 14 years of age. He sustained serious injuries when the bicycle which he was riding collided with a semi-trailer van owned by appellee and which was being operated by an employee of appellee in the course of his employment. The plight in which this adolescent finds himself, as a result of his grave if not permanent injuries and the loss of this law suit, has aroused the sympathy of every member of this Court. Nevertheless, this case is typically one properly to be determined by a jury. After having heard all of the evidence the jury rendered its verdict in favor of appellee (defendant below).
We have carefully considered arguments of counsel, the briefs filed by them and have diligently searched the transcript of the evidence to ascertain if harmful error was committed in the trial of this case.
The only question presented by counsel for appellant which we believe merits discussion is whether reversible error was committed by the trial judge when he allowed Clyde Gill, a police officer of the City of Bradenton, who was not an eyewitness to, but who investigated, the accident to testify to his conclusion as to who did what at the scene of the accident and to give his opinion that the lad (appellant) was at fault.
Counsel for appellant cite many cases in support of their position that harmful error was committed when the policeman was allowed to testify as his conclusion and opinion that C.H. Lineberger, Jr. was at fault.
Counsel for appellee do not cite contra authorities but take the position that since no objection was made at the trial to such testimony upon the ground that the question "Who do you believe was at fault?" called for the witness' conclusion or opinion, this Court can not consider this question propounded by counsel for appellant.
No objection was made to the quoted question, nor was any motion made to strike the answer thereto, said answer being one word "Lineberger."
This is not a criminal case wherein the judge might act sua sponte to protect some constitutional right or guarantee of an accused. The instant suit falls in the category of civil litigation in which no public rights are involved.
The learned Circuit Judge should not be held in error for failing to abandon his judicial role and adopt that of a protagonist. One of the cardinal rules of conduct for judicial officers is that they be impartial. The trial judge had no opportunity to sustain or overrule an objection to the question which elicited a prejudicial answer.
*359 We are forced to agree with counsel for appellee that under our decisions we are not permitted to consider any grounds of objections to the admissibility of evidence except such as were specifically made in the trial court. Florida Cent. & P.R. Co. v. Foxworth, 41 Fla. 1, 25 So. 338; Cross v. Aby, 55 Fla. 311, 45 So. 820; Brown v. Bowie, 58 Fla. 199, 50 So. 637; Johnston v. State, 65 Fla. 492, 62 So. 655; Tampa Electric Co. v. Charles, 69 Fla. 27, 67 So. 572; Caldwell v. People's Bank of Sanford, 73 Fla. 1165, 75 So. 848; Atlantic Coast Line R. Co. v. Shouse, 83 Fla. 156, 91 So. 90; Peninsular Naval Stores Co. v. Mathers, 96 Fla. 620, 119 So. 333 and Metropolis Co. v. Croasdell, 145 Fla. 455, 199 So. 568.
It is true that before asking the police officer "Who do you believe was at fault?", counsel for appellee asked the following preliminary question:
"Did you, after talking to C.H. Lineberger, Jr. take into consideration * * * and converse with other witnesses  and arrive at a conclusion, as a trained police officer, as to who did what at the scene of the accident?" (Italics supplied)
Counsel objected to this question in the following language:
"Objected to on the grounds that it is based on hearsay * * * conversation with others. The court has already ruled on conversations with others about 10 or 15 minutes ago as being inadmissible."
The Court overruled said objection. Thereafter, the witness reframed the question in the following form: "The question was, did I arrive at a conclusion as to who was at fault?" (Italics supplied). Counsel for appellee stated "That is right." Then the police officer answered the question as reframed by him, his answer being one word, "Yes."
It is clear that the question did not call for the conclusion of the witness but was only a preliminary question which sought to determine whether the police officer reached a conclusion or formed an opinion as to who was at fault.
In the case of Gainesville & Gulf R. Co. v. Peck, 55 Fla. 402, 46 So. 1019, 1023, which we consider directly in point upon the subject now under discussion, we said:
"`Mr. Peck, did you have any conversation with this man Cook while he was agent of the railroad company after you had received this injury in relation to the condition of the door?' The seventh assignment of error is that the court erred in permitting the plaintiff Peck to answer the above question. Defendant objected to this question because it was immaterial, irrelevant, and heresay [sic]. The court overruled the objection, and the witness answered the question, as follows: `Yes, sir.' The transcript does not show that the defendant reserved an exception to this ruling of the court, and therefore we cannot consider an assignment of error based upon the ruling. McSwain v. Howell, 29 Fla. 248, 10 So. 588; Tischler v. Apple, 30 Fla. 132, 11 So. 273; Walker v. State, 34 Fla. 167, 16 So. 80; Driggers v. State, 38 Fla. 7, 20 So. 758; Coker v. Hayes, 16 Fla. 368; Shepherd v. State, 36 Fla. 374, 18 So. 773. But, even if an exception had been reserved, we could not say the court erred in permitting the witness to answer this question on the ground that it was hearsay. The question was only a preliminary one. It was propounded for the purpose of finding out whether the witness had a conversation with Mr. Cook. It did not call for the conversation."
For the reasons stated, we are compelled to affirm the judgment from which this appeal was taken.
Affirmed.
ROBERTS, C.J., and TERRELL, THOMAS, SEBRING, MATHEWS, and DREW, JJ., concur.