162 So.2d 681 (1964)
Charles L. HAMMOND, Appellant,
v.
The TIMES PUBLISHING CO., a Florida corporation, and Milton Beckerman, Appellees.
No. 3885.
District Court of Appeal of Florida. Second District.
March 25, 1964.
Rehearing Denied April 23, 1964.
*682 J.E. Satterfield, Tarpon Springs, for appellant.
Baynard, McLeod & Overton, St. Petersburg, for appellees.
BARKDULL, THOMAS H., Associate Judge.
This was a libel action. The appellant, plaintiff in the trial court, appeals a final judgment entered on the pleadings and urges two errors: 1. The vacation of a default originally entered against the appellees-defendants for failure to plead an amended complaint; 2. Error in the entry of the judgment on the pleadings.
As to the vacation of the default judgment, it is incumbent upon the appellant to demonstrate that the trial judge committed error in the entry of the order. See: People's Realty Co. v. Southern Colonization Co., 78 Fla. 628, 83 So. 527; Chaney v. Headley, Fla. 1956, 90 So.2d 297. This record fails to demonstrate that the trial judge abused his discretion and, therefore, this action on his part should be affirmed on appeal. See: Benedict v. W.T. Hadlow Co., 52 Fla. 188, 42 So. 239; Stevens-Davis Co. v. Stock, 141 Fla. 714, 193 So. 745; Chaney v. Headley, supra. As to the second proposition of the judgment on the pleadings in favor of the appellees-defendants, the cause of action sounded in libel, per se. Therefore, the sufficiency of the complaint to warrant relief being granted to the appellant must be tested by the principles announced in McCormick v. Miami Herald Publishing Company, Fla.App. 1962, 139 So.2d 197. Measuring this complaint by the test laid down therein, to wit: "[4] A workable test is whether the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced. Greenberg v. Winchell, Sup., 136 N.Y.S.2d 877.", it is apparent that even if the alleged faulty material were eliminated from the complained of article, it would not change the conclusions which would be reached by the ordinary man. Therefore, the complained of article is not libelous, per se. The complaint of the appellant bottomed solely on the article being libelous, per se. And, not meeting the test announced in the case of McCormick v. Miami Herald Publishing Company, supra, the appellant has failed to demonstrate error in the complained of ruling of the trial judge. Therefore, he has failed to overcome the presumption of correctness with which all trial orders enter the appellate courts. See: Tampa Transit Lines v. Rodriquez, Fla.App. 1958, 100 So.2d 676; Dean v. Marineways, Inc. of Fort Lauderdale, Fla.App. 1962, 146 So.2d 577.
The judgment here under review is affirmed.
ALLEN, Acting C.J., concurs.
WHITE, J., concurs specially.
WHITE, Judge (concurring specially).
Upon careful study of this case, which has been very capably argued by respective *683 counsel, I am constrained to concur in the conclusion that the matter published by the defendant was not per se defamatory of the plaintiff. It was, however, an obloquy closely approaching a form that would make it actionable.