Joseph F. MORGAN, Plaintiff-Appellee,

v.

DUN & BRADSTREET, INC., Defendant-Appellant.

No. 27893.

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 1970.

William Fisher, Jr., of Fisher, Hepner & Hertz, Pensacola, Fla., for defendant-appellant.

James W. Middleton, Jr., Mena, Ark., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and CLARK, Circuit Judges.

COLEMAN, Circuit Judge:

Joseph F. Morgan, a Florida business-man, sued Dun & Bradstreet for an al-

legedly libelous credit report and recovered a judgment for $70,000. The report [July 26, 1965] which prompted the suit linked Joseph F. to his brother, Claude B., in a scheme of incorporating various drug and variety stores and systematically defaulting on the obligations due suppliers. The entire publication clearly implies that the plaintiff, Joseph F. Morgan, is a deadbeat and a fraud. As a result of this credit report plaintiff's credit was terminated, his ability to purchase for cash was impaired, and finally his Fort Walton, Florida, drug business was destroyed.

Dun & Bradstreet responded to the suit with the claim of a conditional privilege. More particularly, the credit agency admitted that it disseminated the reports, but only to subscribers who inquired about the business standing of the plaintiff. Additionally, the Company enumerated several public records which supposedly provided a reasonable basis for an honest belief that the plaintiff was in league with his brother, Claude B. Morgan. These public records were (a) 1962 Articles of Incorporation of a Florida store listing Joseph F. and Claude B. Morgan as president and vice-president respectively and (b) various final judgments from Okaloosa County, Florida, entered jointly against the Morgan brothers in 1965.

Joseph F. Morgan specifically denied having any business dealings with his brother Claude after 1959. After the damaging credit reports came to his attention in 1961, Morgan called Dun & Bradstreet's Mobile Office periodically to resolve his differences with them. When the July 26, 1965 report was issued, Morgan visited the Mobile Office and consulted with Mr. Robert Olney. Also, responsible third parties who vouched for Morgan's business reputation communicated with Dun & Bradstreet.

Despite these notices Dun & Bradstreet republished substantially identical reports on November 7 and 17, 1965, and March 15, 1966. This was done in the teeth of findings by Dun & Bradstreet's agent Olney that there was no business connection between the Morgan brothers in 1965.

Dun & Bradstreet takes the view that it had a qualified privilege to publish credit reports to subscribers. Such a qualified privilege can be lost only if "a communication is published falsely, fraudulently and with express malice and intent to injure". Abram v. Odham, 89 So.2d 334, 336 (Fla., 1956).

However, Morgan disputed Dun & Bradstreet's assumption of privilege and put it in issue. Obviously, if Dun & Bradstreet had prior notice of the falsity of the reports then its good faith in republishing the challenged reports was a material issue. The trial judge instructed that the privilege did not exist if the defendant had not published the report "in good faith, without express malice, and upon reasons apparently good".

 When the evidence material to the privilege is in dispute, the trial judge is quite correct in submitting it to the jury. Hartley and Parker, Inc. v. Copeland, 51 So.2d 789 (Fla., 1951). Moreover, good faith is one essential prerequisite to a qualified privilege. O'Neal v. Tribune Company, 176 So.2d 535, 541 (Fla.App., 1965). Since the jury found against Dun on the privilege issue, and there was substantial evidence to support the finding, Dun's justification in that regard fails.

 Dun & Bradstreet attacks the award of $25,000 punitive damages. Without proof of actual malice the appellant says that it must be shown that the reports were made "with such carelessness and wilful disregard of [Morgan's] rights as to amount in law to actual malice". Leonard et al. v. Wilson, 150 Fla. 503, 8 So.2d 12 (1942). The republication of the reports on November 17, 1965 and on March 15, 1966 meets the standard because Dun's agent, Olney, admitted that his 1965 investigation found no connection between Joseph Morgan and Claude Morgan. The subsequent

publication of a libel with knowledge of its falsity is proof of malice. Mays v. Stratton, 183 So.2d 43 (Fla.App., 1966). Cumulatively, the refusal of the defendant to retract or to issue a corrected report on request is likewise evidence of malice. Metropolis Company v. Croasdell, 145 Fla. 455, 199 So. 568 (1941). Dun & Bradstreet argues that its conditional privilege obliges it only to show that the information was not published irresponsibly and without an investigation. Such a proposition finds no support in Florida law, at least as to persons other than public figures, Mays v. Stratton, supra, cert. denied 188 So.2d 817 (Fla., 1966).

Dun & Bradstreet contends that the court should have granted its several motions for summary judgment, directed verdict, or judgment n.o.v., but each of the motions depended upon the existence of the qualified privilege. If there was evidence to go to the jury on the nonexistence of the privilege, as there surely was, the motions were properly denied.

■ The court excluded the evidence offered by Dun & Bradstreet's investigator Poleman. Garnered from an investigation made in April, 1967, Poleman's testimony was offered for the purpose of showing that there was a sound basis for the conclusions of the earlier investigation, i.e. that court records existed which confirmed the connection of the Morgan brothers. Poleman's testimony was properly excluded as not the best evidence of what it purported to prove, Liddon v. Board of Public Instruction for Jackson County, 128 Fla. 838, 175 So. 806 (1937).

■ On all other issues (date of original investigation, truth, privilege, malice) Poleman's testimony was patently immaterial and irrelevant because his investigation was made more than one year after the last publication at issue.

■ Dun & Bradstreet contends that evidence of its reports published before July 26, 1965 was time barred under Florida's two year statute of limitation. Florida Statutes, Title VIII, § 95.-

11, F.S.A. The trial judge admitted evidence of the earlier reports for the expressly limited purpose of showing the defendant's malice. We find no Florida cases directly in point, but in a neighboring jurisdiction the special use of such evidence has been approved, Krebs v. McNeal, 222 Miss. 560, 76 So.2d 693, 700 (1955).

■ On its face the amount of the verdict might be considered more than liberal but since it embraced both actual and punitive damages we have no power to revise it, United States Constitution, Amendment VII.

The judgment of the District Court is Affirmed.