## SCHULER v. MIAMI HERALD PUBLISHING CO., et al.
### No. 74-14667.
Circuit Court, Dade County.
April 23, 1975.

Edward B. Greene of Sams, Anderson, Alper & Post, Miami, for the plaintiff.

Dan Paul and Susan W. Diner of Paul & Thomson, Miami, for the defendants.

DAVID GOODHART, Circuit Judge.

This cause came on for hearing on April 2, 1975 on plaintiff's motion for rehearing. Thereafter defendant Fabricio, who was joined as a party defendant in this action after defendant the Miami Herald Publishing Company had filed its motion for summary judgment, filed a motion for summary judgment reaffirming the *ore tenus* joinder in defendant Miami Herald's summary judgment motion made by his counsel at the summary judgment hearing on January 27, 1975. On April 21, 1975 plaintiff waived further hearing on this motion. Based upon the pleadings, admissions, affidavits, depositions, and memoranda filed by the parties, and upon argument of counsel heard on October 3, 1974, January 27, 1975, and April 2, 1975, the court denies plaintiff's motion for rehearing and grants defendant Fabricio's motion for summary judgment for the following reasons —

Plaintiff has alleged that the following passage in the article written by defendant Fabricio and published by defendant Miami Herald on September 26, 1973 is false and defamatory —

> "James Gluckman, of the Seligman Construction Co., which built the house on the 60-feet by 306-feet lot, said his company built according to a survey done by Harold Schuler.
>
> " 'I don't know anything about that one, my son did that one,' Schueler [sic] Sr., said.
>
> "Harold Schueler [sic] Jr. could not be reached for comment."

There is no genuine issue of material fact that each statement in the foregoing passage is true in all material respects and in particular the truth thereof is shown by the affidavit and deposition of Aruthr Kopelman and the deposition of Harold Schuler, Sr. on file in this case.

Plaintiff also alleges in his amended complaint that the following passage published by the Miami Herald on September 27, 1973 was false and defamatory —

> "A construction firm earlier in the week had said the reason it built the Gonzales' $52,0000 house on the wrong lot — which is something the Gonzales' ruefully discovered last week after the lot's rightful owner inquired what their house was doing there — on the basis of Schuler's survey."

Plaintiff, however, failed to send defendants a notice of the alleged defamatory character of this article prior to filing suit as required by §770.01, et seq., Florida Statutes.

The September 26, 1973 article was written by defendant Fabricio on September 25, 1973 following the broadcast of a Channel 4 news report and the release of an Associated Press news bulletin on the building of the house in question on the wrong lot. In addition, Fabricio conducted an independent investigation, verifying the statements contained in the article by personal interview and telephone conversations with, among others, the family whose house was built on the wrong lot, the owners of the lot and their attorney, the builder of the house and plaintiff's father, Harold Schuler, Sr.

Defendant Fabricio's efforts to contact plaintiff personally included phoning the number listed for plaintiff's office, the number listed for Harold Schuler, Sr., the number listed for Harold Schuler, Jr. and, upon being told by the person answering the phone that plaintiff was not at home, explaining the purpose of the phone call and attempting to obtain a number where plaintiff could be reached. Unable to reach plaintiff by these means, defendant Fabricio left a message for plaintiff to call the Miami Herald. Plaintiff did not return the call until after publication of the alleged defamatory statement.

Plaintiff alleges in his amended complaint that the article of September 26, 1973 was published "wilfully, recklessly, negligently and with actual malice" and seeks compensatory and punitive damages.

No evidence has been submitted by plaintiff to show defendants acted with "actual malice" in the writing and publication of the article as that standard has been laid down in New York Times v. Sullivan, 376 U.S. 254 (1964), and its progeny. Under Gertz v. Welch, ...... U.S. ......, 41 L.Ed.2d 789 (1974), punitive damages may not be recovered without proof of "actual malice." Therefore plaintiff may not recover punitive damages.

To recover compensatory or actual damages under Gertz v. Welch, supra, plaintiff is required to show the alleged defamatory statements were false, and in addition, that defendants acted with some degree of fault in the writing and publication of the article. In Firestone v. Time, Inc., 305 So.2d 172 (1974), which the U.S. Supreme Court has agreed to review, the Florida Supreme Court held the degree of fault applicable to libel cases brought by private plaintiffs to be negligence.

There is no genuine issue as to the truth of the alleged defamatory statements. The court finds each alleged defamatory statement to be true in all material respects and that on that ground alone defendants are entitled to prevail as a matter of law.

In addition, the court finds there is no genuine issue of material fact that defendants' conduct in the writing and publication of the

article was not negligent. Plaintiff's assertion that defendants acted "wilfully, negligently, recklessly and with actual malice" toward plaintiff is based solely on the factual claim that the statements attributed to James Gluckman and Harold Schuler, Sr. in the article were not 100% accurate. However, such statements were true in all material respects and substantial accuracy is all that is required; where it exists there is no actionable libel. McCormick v. Miami Herald Publishing Company, 139 So.2d 197 (2d D.C.A. 1962); Hill v. Lakeland Ledger Publishing Corp., 231 So.2d 254 (2d D.C.A. 1970).

Under §770.01, Florida Statutes, notice of the alleged defamatory nature of a publication must be served on a publisher prior to filing suit for libel. Plaintiff's failure to comply with the notice requirements of that section bar his asserted cause of action for libel based on the September 27, 1973 news article.

There is no genuine issue as to any material fact and defendants are entitled to a summary judgment as a matter of law

It is therefore ordered — (1) Plaintiff's motion for rehearing is denied. (2) Defendant Fabricio's motion for summary judgment is granted, and final summary judgment is entered in favor of defendant Roberto Fabricio and against plaintiff. This action is dismissed with prejudice and defendants shall recover of plaintiff their costs in this action.