354 So.2d 351 (1977)
Lloyd F. EARLY, Appellant, Petitioner,
v.
PALM BEACH NEWSPAPERS, INC., etc., et al., Appellees, Respondents.
Nos. 49650, 49625.
Supreme Court of Florida.
May 31, 1977.
Rehearing Denied December 22, 1977.
Jos. D. Farish, Jr., Farish & Farish, West Palm Beach, for petitioner.
Harold B. Wahl, Jacksonville, Cecil H. Albury, West Palm Beach, John F. Law, Palm Beach, for respondents.
The Court having determined that it is without jurisdiction, it is ordered that the appeal from the District Court of Appeal, 334 So.2d 50, case no. 49,650, be and is hereby dismissed sua sponte.
Case No. 49,625 having heretofore been submitted to the Court on Petition for Writ of Certiorari, jurisdictional briefs and portions of the record deemed necessary to reflect jurisdiction under Florida Appellate Rule 4.5 c (6), and it appearing to the Court that it is without jurisdiction, it is ordered that the Petition for Writ of Certiorari be and the same is hereby denied.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur in No. 49,650.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur in No. 49,625.
ADKINS, J., dissents with opinion in No. 49,625.
ADKINS, Justice, dissenting.
Conflict does exist with several decisions cited by the petition, and accordingly this Court should exercise its discretion and assume jurisdiction of the cause to resolve the conflict and to dispose of the issues on the merits.
Petitioner, elected County Superintendent of Public Instruction of Palm Beach County, was successful in the trial court in an action for libel against respondents. A jury verdict awarded him $1,000,000 in compensatory and punitive damages, and final judgment was entered thereon. As appears from the District Court of Appeal, Fourth District, decision under review, respondents, two daily newspapers in Palm Beach, their editors and a reporter from each, embarked upon a concerted campaign admittedly designed to bring about the removal of Mr. Early from his elected position, and, in pursuance of said objective, published over a period of approximately fourteen months several hundred news articles and editorials, all of which were generally hostile to or critical of Early and many of which were defamatory.
In an order denying respondents' motion for new trial, motion for mistrial and motion for J.N.O.V., the trial court explained:
"The court finds that the jury was properly instructed relative to the defendants' privilege under the doctrine enunciated in New York Times v. Sullivan, 376 U.S. 254 [84 S.Ct. 710, 11 L.Ed.2d 686] (1964) and its progeny of cases. The court further finds that the plaintiff carried his burden of proof under the New York Times standard and proved his case by the clear and convincing weight of the evidence. There is ample evidence in the record from which the jury could reasonably conclude that the defendants clearly engaged in a campaign to `get' the plaintiff. There was sufficient and substantial evidence from which the jury could reasonably conclude that many of their articles were published knowing of their falsity or with a high degree of awareness of their probable falsity."
Upon appeal, the District Court of Appeal, Fourth District, reversed on the ground that the petitioner had not carried his burden of showing by clear and convincing evidence that the defamatory statements were made with knowledge of their falsity.
Petitioner submits that the subject District Court of Appeal, Fourth District, decision creates a new rule of law which permits *352 the District Court to reweigh the evidence, retry the case, and generally substitute its judgment for that of the trial court. The Fourth District Court's decision does conflict with several decisions cited by petitioner to the effect that an appellate court is not free to substitute its judgment for the trier of fact or to reweigh the evidence and reach a different conclusion than the trial court, Crane & Crouse, Inc. v. Palm Bay Towers Corp., 326 So.2d 182 (Fla. 1976), and to the effect that the existence or nonexistence of malice where the facts are controverted and there is evidence on the subject is a jury question. Coogler v. Rhodes, 38 Fla. 240, 21 So. 109 (1897), Montgomery v. Knox, 23 Fla. 595, 3 So. 211 (1887), Myers v. Hodges, 53 Fla. 197, 44 So. 357 (1907), Firestone v. Time, Inc., Fla., 305 So.2d 172, cert. granted, 421 U.S. 909, 95 S.Ct. 1557, 43 L.Ed.2d 773.
Cape Publications, Inc. v. Adams, 336 So.2d 1197 (Fla.4th DCA), opinion filed August 27, 1976, was an appeal from substantial verdicts and judgments in a libel action. In considering the evidence "in the light most favorable to the verdict," the court held that there was
"[C]lear and convincing support for a finding that appellant exhibited a reckless disregard of whether the charges were true or false, i.e., that they published the articles with a high degree of awareness of the probable falsity of the statements involved."
In the case sub judice, the defendants accused plaintiff of "cheating," and "stealing from the public," and that he had his "fingers in the pot." The District Court recognized that these charges, if false and made with knowledge with such falsity or with reckless disregard of the truth thereof, would be actionable. The court then said:
"However, in proper context the statements which defendants actually made do not carry the implication suggested by plaintiff. The first article referred to an editorial in which the newspaper asserted that the public and the school board had been cheated by Mr. Early's lack of leadership, while the second article stated in an editorial that `Mr. Below sits on the sideline doing what he can when Mr. Early's fingers aren't in the pot' implying, not thievery, but incompetent intervention in the operation of the school system. Taken in proper context, no reader of the newspaper articles could have thought that the newspaper was charging Early with the commission of any criminal offense."
The question of whether a reader of the newspaper thought that the newspaper was charging plaintiff with the commission of a criminal offense was clearly a jury question. In this respect the District Court substituted its judgment for that of the jury and the trial judge. If statements which are published have a different effect on the common mind of the reader than that which the truth would have, then the jury is authorized to return a verdict for the plaintiff. McCormick v. Miami Herald Publishing Co., 139 So.2d 197, 200 (Fla.2d DCA 1962); Hammond v. Times Publishing Co., 162 So.2d 681, 682 (Fla.2d DCA 1964); Layne v. Tribune Company, 108 Fla. 177, 146 So. 234, 238 (1933); Johnson v. Finance Acceptance Co., 118 Fla. 397, 159 So. 364 (1935); Joopanenko v. Gavagan, 67 So.2d 434 (Fla. 1953); Campbell v. Jacksonville Kennel Club, 66 So.2d 495 (Fla. 1953); Commander v. Pedersen, 116 Fla. 148, 156 So. 337 (1934).
There is clear conflict and we should assume our responsibility and accept jurisdiction.