PER CURIAM.
This is an appeal from a final judgment against appellants on a counterclaim. The case arose out of a disputed bill of approximately $2,100. Southern Bell billed appellant this amount for relocating equipment used by a telephone answering service. Mr. Brooks, the owner of the answering service, refused to pay the bill, and eventually Southern Bell sued and recovered a portion of its bill. Brooks, on behalf of the answering service, filed a counterclaim and third party action based on theories of (1) breach of contract, (2) fraudulent misrepresentation, (3) negligent misrepresentation, and (4) abuse of process. Eventually, a jury returned substantial verdicts against Southern Bell and Western Electric for compensatory and punitive damages. The trial court granted motions for directed verdicts and entered final judgment in favor of Southern Bell and Western Electric. We affirm.
We conclude that there was simply no evidence of damage and that the plaintiffs’ proof did not support any of the theories actually stated in the pleadings. A great deal of argument is made concerning an unpled cause of action based on the theory of tortious breach of a statutorily *2 imposed duty. The answering service contends that Southern Bell violated State statutes, regulations, and internal tariffs and that this conduct subjected Southern Bell and Western Electric to separate tort liability. Appellants contend this theory was tried by consent. From the record it appears the trial court ruled to the contrary. We conclude the “breach of statute tort” was neither pled nor tried by consent.
The judgment below is affirmed.
AFFIRMED.
DOWNEY and BERANEK, JJ., concur.
GLICKSTEIN, J., concurs in part and dissents in part with opinion.