425 So.2d 1173 (1983)
Dewey SHIVER, Appellant,
v.
APALACHEE PUBLISHING COMPANY, D/B/a the Apalachicola Times, Appellee.
No. AI-40.
District Court of Appeal of Florida, First District.
January 14, 1983.
Rehearing Denied February 15, 1983.
*1174 Van P. Russell of Watkins & Russell, Apalachicola, for appellant.
Thomas R. Julin and Talbot D'Alemberte of Steel, Hector & Davis, Miami, for appellee.
PER CURIAM.
From an adverse summary judgment, appellant, the plaintiff below, appeals. Appellant's complaint contained two counts. The first charged that appellee libeled him by publishing in its final issue prior to Election Day 1980, the following letter:
Dear Editor:
What type of government do we live under in Franklin County? In view of the happenings of the last few weeks, I don't think it is a democracy. It is a sad thing when we can't run for office without having to fear for our welfare because of threats from Commissioners Varnes and Wade. What are these men afraid of?
Why are Mr. Varnes and Mr. Wade campaigning so hard to have Mr. Messer and Mr. Shiver elected to serve on the Commission with them? Mr. Wade also has said he paid Mr. Collins' qualifying fees when he ran for office. Why? Before something comes up before the Commission, you can see Mr. Wade driving around two mile area with Mr. Varnes in the truck with him. Why? Does this mean if Mr. Wade and Mrs. [sic] Varnes help get Mr. Messer and Mr. Shiver elected, that they will also ride around with Mr. Wade? To improve our government back to a democracy, we need five minds on our County Commission and not one. I attended school in Franklin County and make my living on the bay and don't want to see the bay hurt; nor do I think anyone in his right mind who lives in this County wants to hurt our. [sic] I pray that you will vote on Oct. 7 and decide what is best for Franklin County and not what Mr. Wade tells you is best.
Frank Johnson
East Point
The second count charged that the letter was fabricated with the knowledge, consent *1175 or participation of appellee, its agents or employees, for the purpose of influencing the electors of Franklin County, and that this activity constituted a violation of Section 104.061, Florida Statutes. Appellant alleged that appellee's violation of this section breached a duty owed appellant for which appellee should be made to respond in damages. The trial court ruled the letter contained opinions, not false statements of fact, and that appellant had failed to demonstrate that he had sustained any actual damages, and entered judgment in favor of the newspaper. We affirm.
Appellant, as a former officeholder seeking election to a public office, is a public official, and the letter speculates on his possible conduct in office. Therefore, the case is governed by New York Times Company v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). As it was so succinctly put by the Fourth District Court of Appeal:
It thus appears that under the present state of the law concerning an action for libel by a public official, the plaintiff has the burden of showing by clear and convincing evidence that the defamatory statement was (1) a statement of fact, (2) which was false, and (3) made with "actual malice"  that is, with knowledge that it was false or with reckless disregard of whether it was false or not.
Palm Beach Newspapers, Inc. v. Early, 334 So.2d 50, 52 (Fla. 4th DCA 1976), cert. den. 354 So.2d 351 (Fla. 1977), cert. den. 439 U.S. 910, 99 S.Ct. 277, 58 L.Ed.2d 255 (1978).
We hold that references to appellant contained in the letter were matters of opinion relating to his conduct in office and, as such, are not actionable. Coleman v. Collins, 384 So.2d 229 (Fla. 5th DCA 1980); Palm Beach Newspapers, Inc. v. Early. Additionally, appellant testified that he had sustained no damage as a result of the publication, except for the loss of the election. However, appellant was unable to identify anyone who had voted against him because of the letter. Without proof of actual damage, appellant cannot recover. From v. Tallahassee Democrat, 400 So.2d 52 (Fla. 1st DCA 1981), pet. rev. den., 412 So.2d 465 (Fla. 1982). Accordingly, the trial court was correct in granting judgment in favor of the appellee as to count one of appellant's complaint.
Nor did the trial court err in entering judgment in favor of the appellee as to count two of appellant's complaint. Section 104.061, Florida Statutes, on its face, is confined to nonprotected, clearly criminal conduct. Trushin v. State, 384 So.2d 668 (Fla. 3rd DCA 1980). Nor do we think that this statute, aimed at protecting the integrity of the electoral process, id., creates a duty for the benefit of seekers after public office so as to confer a right of action on defeated candidates. See, Girard Trust Company v. Tampashores Development Co., 95 Fla. 1010, 117 So. 786 (1928); Piezo Technology v. Smith, 413 So.2d 121 (Fla. 1st DCA 1982); Brooks v. Southern Bell Telephone and Telegraph Company, 399 So.2d 1, 3 (Fla. 4th DCA 1981) (Judge Glickstein dissenting); Zorick v. Tynes, 372 So.2d 133 (Fla. 1st DCA 1979).
AFFIRMED.
LARRY G. SMITH, JOANOS and THOMPSON, JJ., concur.