DOWNEY, Judge.
This is an appeal from a final judgment awarding Walter Ergle, the harbormaster and port pilot of the Port of Fort Pierce, $75,000 in compensatory damages and $25,-000 in punitive damages in a defamation action based on statements made by representatives of Scandinavian World Cruises (SWC), which were printed in a newspaper article. The headline on the article read “Port fees too high; cruise ship leaves Fort Pierce.” Basically, the allegedly defamatory statements contained in the article can be summarized to the effect that “we [SWC] are not coming back to Fort Pierce because Ergle is unreasonable, is milking the cow to death and the total charges are too high.” Prior to trial, the trial court entered an order determining that Ergle was a public official and that all of the statements attributable to SWC would be considered in their entirety, as a matter of law, to be statements of fact (as opposed to opinion).
Appellant, SWC, contends that the final judgment should be reversed because: 1) Ergle did not present clear and convincing evidence of actual malice necessary to support a public official’s claim of defamation, 2) the court erred in denying SWC’s requested jury instruction on the qualified privilege of fair comment, 3) the statements in the article were nonactionable statements of opinion, 4) the jury award was not supported by competent, substantial evidence as to the amount or as to causation, and 5) the court improperly admitted a letter that constituted hearsay.
As stated by this court in Palm Beach Newspapers, Inc. v. Early, 334 So. 2d 50, 52-53 (Fla. 4th DCA 1976), cert. denied, 354 So.2d 351 (1977), cert. denied, 439 U.S. 910, 99 S.Ct. 277, 58 L.Ed.2d 255 (1978):
[U]nder the present state of the law concerning an action for libel by a public official, the plaintiff has the burden of showing by clear and convincing evidence that the defamatory statement was (1) a statement of fact, (2) which was false, and (3) made with ‘actual malice’— that is, with knowledge that it was false or with reckless disregard of whether it was false or not.
In Early, this court reversed and remanded an award of compensatory and punitive damages, holding that the evidence did not “clearly and convincingly” demon *1014 strate that a single one of the allegedly defamatory articles published by the defendants was a false statement of fact made with actual malice as defined in the United States Supreme Court’s decision in New York Times Company v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). This court concluded that the evidence was legally insufficient to sustain the verdict and judgment entered thereon. Thus, the defendant’s motion for a directed verdict at the close of the evidence should have been granted by the trial court, and the cause was reversed and remanded for entry of a judgment in favor of the defendants. The Florida Supreme Court denied the plaintiff’s petition for certiorari review of the case, which was based on the allegation that this court’s opinion created a new rule of law allowing the appellate court to reweigh the evidence, retry the case, and substitute its judgment for that of the trial court. Early v. Palm Beach Newspapers, Inc., 354 So.2d 351 (Fla.1977). The United States Supreme Court has also recognized that appellate judges must exercise independent judgment and determine whether the record establishes actual malice with convincing clarity. Bose Corp. v. Consumers Union of United States, Inc., 466 U.S. 485, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984). Thus, although SWC has raised several issues asserting error in the instant case, the primary issue upon which this court’s decision should turn is whether Ergle met his burden of showing actual malice with convincing clarity.
SWC has set forth in detail the evidence pertaining to each individual statement in the newspaper article, showing that the statements were true at the time that they were made and that, even if they were not entirely true, they were not made with knowledge of their falsity or with reckless disregard of whether they were false or not. Ergle did not submit any proof to demonstrate that the statement, “[h]an-dling and pilot fees in Fort Pierce are higher than those in New York Harbor,” was not true, or that any of the statements indicating that Ergle’s charges were excessive and he was not willing to negotiate were not true. The only real alleged untruth in this case is that the reason SWC would make no further calls at Fort Pierce was due to Ergle’s excessive charges — and Ergle admits that this alleged untruth is gleaned from the “overall implication” of the article. It does not appear that Ergle proved that the statements made, which provided the overall implication complained of, were clearly and convincingly false or made with actual malice. While there was some evidence submitted by Ergle that there were other reasons, i.e., an adopted “consistency” policy to utilize one port (Port Canaveral) that could have provided the reason for leaving the Port of Fort Pierce, this evidence was disputed in that there was testimony demonstrating that the policy was not adopted until after the statements were made by Andersen and Armstrong and there was testimony that cost was still a factor in arriving at that policy. Thus, even if there might have been other reasons for SWC’s decision to leave Fort Pierce, making the reason implied for its decision expressed in the article not entirely true, there was no clear and convincing proof that SWC's representatives made the statements complained of with knowledge of their falsity or with reckless disregard of whether they were false or not.
As recently expressed by this court in Friedgood v. Peters Publishing Co., 521 So.2d 236 (Fla. 4th DCA 1988), the alleged defamatory material (i.e., that Ergle’s charges were too high for SWC to pay) was substantially admitted by the plaintiff to have occurred (Ergle was quoted in the very same article as saying, “[i]f they are going to use me, they are going to pay me. I am not giving anything away.... I don’t get enough business to give anything away. I gotta grab it while it’s here”) and, in any event, the remarks made and the inferences to be drawn therefrom as evidence of actual malice fell well short of the clear and convincing standard mandated by the United States Supreme Court.
Therefore, since the evidence was legally insufficient due to Ergle’s failure to meet the requisite burden of proof, the verdict and judgment entered thereon *1015 should be reversed. As expressed by this court in Early, such a decision on this point makes it unnecessary to address the remaining meritorious points on appeal. However, we wish to express our belief that a reversal is also justified on the ground that the allegedly defamatory statements in this case, summarized as “We are not coming back to Fort Pierce because Ergle is unreasonable, is milking the cow to death and the total charges are too high,” were statements of pure opinion and not actionable. See Hay v. Independent Newspapers, Inc., 450 So.2d 293 (Fla. 2d DCA 1984); From v. Tallahassee Democrat, Inc., 400 So.2d 52 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 465 (Fla.1982). The statements made in the article were pure opinion because the facts upon which the statements were based were also contained in the article. In other words, SWC’s agents stated what Ergle’s fees were and that they were higher than New York’s so that their opinion that Ergle’s charges were excessive was not actionable. Further, Hay dictates that all circumstances surrounding the publication must be considered, and it appears that, at the time the statements by SWC’s agents were made, the only reason known to them for SWC’s leaving Fort Pierce was due to the cost factors involved. Therefore, the statements made were a pure expression of opinion. In any event, even if the statements made were ones of fact, or a mixture of fact and opinion, rather than pure opinion, they were not shown by clear and convincing evidence to have been made with actual malice and, therefore, reversal is required.
Accordingly, the judgment appealed from is reversed and the cause is remanded to the trial court with directions to enter judgment for SWC.
WALDEN and GUNTHER, JJ., concur.